Hirt v. Hahn, et al.

———o———

John Hirt, Respondent, vs. William Hahn, et al., Appellants.

1. *Bonds, suit on—Allegation as to breaches—Sufficiency of—Building contract—Failure to carry out—Measure of damages.*—In action on a penal bond to save plaintiff harmless from liens on a certain building, and to build the house by a specified day, the petition set out the bond and alleged with particularity that the obligor did not comply with his contract in building the house, and did not save plaintiff harmless from liens thereon. The pleading was held sufficient, particularly after verdict. In such case the expenditure incurred by plaintiff in completing the house, and in discharging liens, and made necessary in consequence of defendant's breach of contract is the proper measure of damages.

2. *Practice, civil—Supreme Court—Exceptions, etc.*—Objections not taken at the time in the trial court, will not be noticed on review.

*Appeal from St. Louis County Circuit Court.*

*Finkelnburg & Rassieur,* for Appellants.

The petition simply alleges, as a breach of the bond, that Bolhofner suffered and permitted liens to be filed, without averring that plaintiff was obliged to pay, or did in fact pay a dollar on account of liens.

In declaring on a penal bond, plaintiff must assign breaches specifically, showing particularly in what manner the covenant has been broken. (Steph. Plead., 337; Langford vs. Sanger, 40 Mo., 160.)

*Slayback & Hœussler,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

In this case no objections are raised to the instructions or rulings of the court upon the trial, but reliance for a reversal is placed on two points, namely, that no sufficient breach was set out in the petition, and that the court erred in allowing counsel fees. The action was brought against defendants as sureties on a penal bond, executed by one Bolhofner, a builder, as principal, and was conditioned, among other things, to save plaintiff harmless from liens on account of a certain building, which Bolhofner had contracted to erect, and also to build the house according to an agreed plan, and by a specified day. The petition set out the bond, and then alleged as breaches with particularity that Bolhofner did not comply with his contract in building the house, and that he did not save the plaintiff harmless from liens thereon. We have no doubt about the sufficiency of the breaches assigned, but even if there was defectiveness in that regard, no objections were taken at the trial, and the point was raised for the first time by a motion in arrest. It then came too late, as there can be no doubt about the petition being good after verdict.

The second objection is, as to the allowance of counsel fees in defending the lien cases. But the record does not show that any such fees were allowed. The judgment is for damages, but it is not apparent that those fees composed a part of the damages.

It is true, upon the trial the plaintiff's counsel was permitted to inquire into the value of the attorneys' service in the lien suits, but they are not noticed or included in the declaration of law upon which the verdict was founded. The declaration in substance was, that if Bolhofner contracted to build the house for the plaintiff, and deliver the same on December 20, 1870, according to certain specifications and plans, and that he did substantially comply with such specifications in the erection of the house, up to and as far as the 23d or 24th of January, 1871, when, without any fault or interference on the part of the plaintiff, he ceased to work thereon ; and

if plaintiff, after giving the defendants written notice, completed the same at his own cost, in the same manner substantially as it was originally intended, and at a reasonable price for so doing, having first given defendants notice that he would do so, then plaintiff was entitled to recover against the defendants for the amount so paid, to complete and finish the building, as also any amount it might from the evidence appear he had been compelled to pay to mechanics and others for lien judgments obtained against the property, on account of contracts made by Bolhofner for work and materials furnished for plaintiff's house, under his contract, together with interest, etc., less, however, any amount that would have been due and payable to Bolhofner by plaintiff, had said Bolhofner completed the house at the time as agreed by the terms of his contract. The instruction makes the element of damages depend upon the amount necessarily expended by the plaintiff in completing the house, caused by Bolhofner's breach of contract, and also for what was paid on liens, against which the contract was to save plaintiff harmless. These were the legitimate sources of damages, and it does not appear that anything else was comprehended in the finding of the court. The attorneys' fees, as an element in the computation were nowhere noticed. The instruction offered by the defendants did not raise the question, and the necessary inference therefore would be that the matter of attorneys' fees was abandoned.

As the point does not anywhere appear upon the record, and as the presumption is that the court decided correctly, the judgment must be affirmed. The other judges concur, except Judge Vories, who is absent.