Royle v. Jones.

| 78 | 403 |
| 39a | 294 |
| 78 | 403 |
| 143 | 220 |
| 78 | 403 |
| 85a | 13 |

ROYLE et al., Appellants, v. JONES.

1. Practice in the Supreme Court: EQUITY. Even in equity cases, the Supreme Court deems the conclusions of the trial court upon issues of fact entitled to consideration where such court and a jury, with the witnesses before them, have successively reached the same conclusions.

    CASE ADJUDGED. In a suit to cancel a deed of trust as voluntary and fraudulent, questions were submitted to a jury whether the note secured by such deed of trust was voluntary or not, and whether it was given for money loaned or not, and the jury found for the defendants, and the court subsequently, upon the same and additional evidence, adopted the findings of the jury and dismissed the bill; there was positive testimony that the payee in such note had money at the time, and made the loan: Held, that the judgment would not be reversed because of testimony of neighbors of the payee that they did not know he had money, and that his conduct, upon such supposition, was strange and unusual.

Appeal from Ray Circuit Court.—HON. GEO. W. DUNN, Judge.

AFFIRMED.

*Wallace & Chiles* for appellants.

*Rathbun & Shewalter* for respondents.

NORTON, J.—It appears from the record in this cause that defendant, Alfred Jones, on the 23rd day of July, 1863, conveyed by deed of trust certain lands in Lafayette county to secure the payment of certain debts therein mentioned, among which was a debt to Thomas J. Jones for $5,350, and interest, evidenced by a note of said Alfred Jones dated October 5th, 1857. The plaintiffs in this suit, who were creditors of said Alfred Jones, obtained judgments against him upon their respective demands in the Lafayette county circuit court in May, 1864, upon which executions were issued and the land conveyed by said deed of trust levied upon and sold, at which sale plaintiffs became the purchasers. Plaintiffs, after having a deed under said purchase, instituted the present proceedings in the circuit court of Lafayette county in October, 1867, and in their petition, after reciting the above facts, in substance allege that said deed of trust executed by said Alfred Jones in July, 1863, was made by him to defraud his creditors, and that said note of said Alfred Jones to Thomas J. Jones was fictitious, fraudulent and void as to said plaintiffs, and that said Alfred was not in fact and truth indebted to said Thomas on said note. The petition concludes with a prayer asking that the said deed of trust, as to them, and the said note to Thomas Jones, be declared and decreed to be voluntary, fraudulent and void, and that it be cancelled. The allegations of the petition were put in issue by answer, and upon a trial of the cause in the Ray county circuit court, where it had been transferred by change of venue, judgment was rendered for defendants, and the bill dismissed.

From this judgment plaintiffs have appealed and seek a reversal thereof upon the ground that it is not sustained by the evidence. It appears from the record before us that the court submitted to a jury the following issues arising

under the pleadings, viz: (1) Was the note from Alfred Jones to Thomas J. Jones for $5,350, dated October 5th, 1857, mentioned in the deed of trust, voluntary and without consideration? On this issue the plaintiffs affirmed and the defendants denied. (2) Was the said note given for money loaned by Thomas Jones to Alfred Jones amounting to the sum specified in the note? On this issue defendants affirmed and plaintiffs denied.

It further appears that the jury returned a verdict finding both issues for defendants, and that subsequently the court heard all the evidence in the case, including evidence not given before the jury, adopted their finding, found the other issues for defendants and dismissed the bill. On the trial four witnesses, viz., Thomas Jones, Alfred Jones, William Duggins and Mrs. Duggins testified that the note in question was executed by Alfred to Thomas for money actually loaned at the time of its execution; that the dwelling house of said Alfred had been burned, and that, while he was rebuilding a house estimated to cost from four to six thousand dollars, he lived in a cabin on the farm with Duggins, and the money was borrowed to expend in rebuilding his dwelling. The record fails to show any evidence indicating that at that time said Alfred was either in debt or in embarrassed circumstances, or that any motive whatever existed for the voluntary execution of the note to Thomas without any consideration. There was also the evidence of Joseph and Thomas Shelby showing that said Thomas was a frugal, industrious man, that he had been in their employ, had loaned one of them $1,000, and that about the time said note was executed they paid him about $1,600.

The plaintiffs sought to overthrow the case thus made by the evidence of a number of witnesses who testified that they were acquainted with Thomas-Jones, before and at the time said note was given, and that they did not know of his having any money. We deem it unnecessary to enter into a detail of this evidence, inasmuch as the result

of it would be only to show that the witnesses testifying did not know that said Jones, at or before the execution, had money. The case has been once before in this court and is reported in 60 Mo. 454, where the evidence is given in detail. The evidence given on the trial after it was remanded is substantially the same as in that case, with the exception that three witnesses, viz., Wm. Nelson, John Nelson and McGrainner were introduced, and the depositions of Cather and Bullard were read on the last trial to the effect that if Thomas Jones had money they did not know it; that they had some opportunities of knowing; that for aught they knew he might have had money.

In view of the fact that the jury, which had the witnesses before them, found the controlling issues in the case for defendants, and in view of the further fact that the court, after the verdict was rendered, had the witnesses before it and reached the same conclusion that the jury did, the judgment of the trial court is entitled to some consideration, and should not be overturned, except for more urgent reasons than those which have been urged by counsel, and we may well dispose of the case by saying, as was said when the case was before this court in 60 Mo., *supra*, when, after reciting the positive testimony of Alfred Jones, Thomas Jones and Mrs. Duggins and William Duggins to the actual loan of the money and the execution of the note, and the evidence of Henry Jones and Joseph Shelby as to the fact of his having money, it was observed that "we would not be authorized to hold that all of these witnesses are guilty of perjury simply from the fact that the neighbors of Thomas J. Jones did not know that he had money, and because his conduct in reference to his money was rather inconsistent with the usual conduct of young men similarly situated."

The case seems to have been tried in conformity with the theory of the court when it was here before, and the judgment will be and is hereby affirmed, with the concurrence of the other judges.