J. C. HARTMAN ET AL., Respondents, v. L. H. REDMAN, Appellant.

St. Louis Court of Appeals, February 23, 1886.

1. PLEADING—PRINCIPAL AND SURETY—PROMISSORY NOTES.—An answer by one of two defendants in an action on a promissory note, that he signed the note as surety after its delivery without consideration moving to the principal or to himself, sets up a good defence.

2. PRINCIPAL AND SURETY—DISCHARGE OF SURETY.—An extension of time granted by the creditor to the principal promisor will not discharge the surety where the creditor has not thereby suspended his right to proceed at law against the principal debtor.

APPEAL from the Ralls County Circuit Court, THEO. BRACE, Judge.

*Reversed and remanded.*

R. F. ROY and T. H. BACON, for the appellant : The consideration having all passed to the principal before its execution by the principal, and the note having been executed and delivered to the respondents by the principal as his sole and individual note, the appellant's subsequent signing of said note as surety at the respondents' request, and on their presentation of said note for said purpose, was a signing without consideration, was *nudum pactum. McMahan v. Geiger*, 73 Mo. 145. The principal's legal liability to pay his other debt to a stranger was not a liability to pay such other debt in preference to the note in suit, and when the principal, at the respondents' instance and request, did promise such preference and did make such preferred payment, a valid consideration arose supporting the respondents' promise to extend the time of payment of the note in suit. Whatever the principal did in excess of legal requirement was a sufficient consideration. *Williams v. Jensen,* 75 Mo. 681. The special agree-

ment between the appellant and his principal for the pay-ment of the respondent's note out of the proceeds of the crop free from the appellant's landlord's lien, formed a special collateral security for the payment of said note, and the respondents, without the appellant's knowledge or consent, wasted the collateral so as to wholly discharge the security. *Ferguson v. Turner*, 7 Mo. 497; *Crump v. McMurtry*, 8 Mo. 408, 413.

BRISTOW & LIGHTER, for the respondents: "The debt of a third person to payee is a sufficient consideration for promise of maker of the note." *Brainard v. Capelle*, 31 Mo. 428. "To discharge the surety the creditor must do some act by which he deprives himself of the right of proceeding at law in the collection of the obligation." *Rucker v. Robinson*, 38 Mo. 154; *Nichols, Adm'r, v. Douglass*, 8 Mo. 49; *Hosea v. Rowley*, 57 Mo. 357; *German Savings Association v. Helmrich*, 57 Mo. 100. "The principal requisite and that which is the essence of every consideration, is that it should create some benefit to the party promising, or some trouble, prejudice, or inconvenience to the party to whom the promise is made." *Stillwell v. Aaron*, 69 Mo. 545; Story on Cont., sect. 548.

ROMBAUER, J., delivered the opinion of the court.

This is an action on a promissory note signed by the defendant and one Smith.

The answer contains four separate defences. The substance of the first two is to the effect, that the note was given for an antecedent debt of Smith to the plaintiffs, and was made and delivered to the plaintiffs by Smith as and for his individual note. That the defendant long after such delivery signed the note as surety for Smith and without any new consideration. The third defence relied on is that by an agreement between the plaintiffs and Smith, without the defendant's knowledge and consent, the payment of the note was extended, whereby

the defendant, as surety, was discharged. The fourth defence states an agreement between the plaintiffs, Smith and the defendant, made subsequently to the execution of the note, to the effect, that the note should be paid with the proceeds of a crop of oats, on which the defendant had a landlord's lien; that for the purpose of enabling Smith to make such payment, the defendant waived his lien, whereby he claims a discharge.

The plaintiffs demurred to the entire answer, as constituting no defence. The court sustained the demurrer and the defendant, electing to stand by his answer, judgment was rendered against the defendant.

The third and fourth defences are not well pleaded. To discharge a surety, by reason of extension of time of payment, the creditor must do some act by which he deprives himself of the right to proceed at law for the collection of the debt. *Rucker v. Robinson*, 38 Mo. 154; *Hosea v. Rowley*, 57 Mo. 357. It does not appear that the plaintiffs have done so in this instance. Nor can the fact aid the defendant, that all parties, subsequently to the creation of the debt, agreed that it should be paid out of a particular fund, since it does not appear that the plaintiffs had any control over the fund.

The first and second defences, however, are substantially good.

That a consideration moving to a third person is sufficient to support a written promise to pay, is conceded. All accommodation paper rests upon such consideration. In such a case, however, the consideration must pass upon the faith of such written promise. If the consideration has passed entirely prior to the promise, and the promisor becomes a mere surety on paper already delivered, his promise is not enforceable, being supported by no consideration. *Pfeiffer v. Kingsland*, 25 Mo. 66; *Cook v. Elliott*, 34 Mo. 586; *Williams v. Williams*, 67 Mo. 662.

Applying this rule to the facts set up in the answer it will appear that it sets up a good defence. It states

that the defendant, after the making and delivery of the note by Smith, signed the same as surety for Smith without any new consideration.

If these facts are not true, the plaintiffs should have replied. Since their demurrer admits the truth of the facts pleaded, and, therefore, admits that the defendant's signature was obtained without any new consideration, after the delivery of the note, and as an independent contract, we can not, in the face of such admission, presume that such signature was cotemporaneous with the execution of the note by Smith.

It results that the action of the court was proper in sustaining the plaintiff's demurrer to the third and fourth defences pleaded, but erroneous in sustaining the demurrer to the first and second defences.

The judgment is reversed and the cause remanded. All the judges concur.