J. P. GOODSON, Respondent, v. THE WABASH, ST.
LOUIS & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 28, 1886.

PRACTICE—REQUIREMENTS OF RULE FIFTEEN OF THIS COURT—APPEAL
    DISMISSED.—Rule *fifteen* of this court requires that every part of
    the transcript *relied upon as error,* and all that is *necessary to show
    it such,* must be printed in the abstract.    The *object* of the rule is
    that this court may be able to treat the appellant's abstract, unless
    the respondent shall file a counter-abstract, as *the record itself,* and
    be saved the time and trouble necessary for an examination of the
    transcript.    Where no point is made on the pleadings, the *effect* of
    the pleadings may be stated in the abstract and that will be suffi-

cient, and so when none is made as to the *sufficiency* of the *evidence* it will be enough to set forth its *tendency*. When the sufficiency of the evidence is *questioned,* so much of the transcript as contained all the evidence on *that question* should be set out in the abstract *in haec verba.* And so as to an *instrument* upon which appellant *rests,* he must set out the instrument itself, or so much of it as is necessary to show the error of the court complained of, *in the words of the instrument.* *Held,* that the abstract in this case is insufficient, as not complying with these requirements.

APPEAL from Carroll Circuit Court, HON. JAMES M. DAVIS, Judge.

*Appeal dismissed.*

GEORGE S. GROVER, for the appellant.

HALE & SONS, for the respondent.

Statement of case by the court.

The appellant has filed in this court the following abstract of the record in this case :

"This was an action instituted in the circuit court of Carroll county, Missouri, to recover the sum of two hundred and twenty dollars on account of damages alleged to have been sustained by plaintiff by reason of the negligent delay of certain live stock belonging to him while in transit upon defendant's railroad, between Kansas City, Missouri, and Carrollton, Missouri, on the twenty-first day of March, 1883."

The within abstract is not intended to be a full transcript of either the pleadings or evidence in this cause, but simply as an abridgment of so much thereof as, in the judgment of appellant, is essential to a proper understanding of the issues.

It was averred in the petition, that by a special contract between plaintiff's agents at Kansas City, and defendant, a car load of cattle was received by defendant at said place at 11:30 A. M. on the twenty-first day of March, 1883, for transportation and delivery to plaintiff

at Carrollton. That said car was negligently and carelessly detained on the track at Kansas City at least four hours before starting, and was negligently and carelessly detained at various stations between Kansas City and Carrollton for at least three hours, and did not arrive at Carrollton until 11:45 P. M. of said day, having been delayed at least seven hours over the usual and reasonable time.

The answer of defendant admitted the execution of the special contract as averred by plaintiff, and also admitted the fact of the shipment itself. All the other allegations of the petition were denied.

For further answer, defendant set out the special contract of shipment in full, and averred that all of its conditions were kept and performed by the defendant, and broken by the plaintiff.

The reply of the plaintiff admitted the execution of the contract as set forth in the answer of the defendant, and denied the performance of its conditions upon defendant's part.

The plaintiff testified, that on the day in question, he received a shipment of cattle from Payne & Company, at Kansas City. There were forty-two head of yearling and two year old cattle shipped in the car. According to his recollection the train, with the cattle on board, arrived at Carrollton about twelve o'clock at night. The usual arriving time of that train was about seven o'clock P. M. It was one o'clock before they got the cattle unloaded. When the cattle were unloaded, they were in a very bad condition. One-third of them were unable to stand, and four finally died. The value of the cattle per head was from twenty-six to twenty-seven dollars. The general injury was from fifty to seventy-five dollars to the whole car load. The usual running time of that train from Kansas City to Carrollton was in the neighborhood of about five hours.

The conductor of the train told the witness at Carrollton, before the cattle were unloaded, that they were

dead when they left Kansas City, and that they did not leave until after five o'clock. The conductor also said that he never saw cattle in such a shape in his life. That they were piled on top of one another and were half dead when they left Kansas City.

Upon cross-examination, the plaintiff stated in substance, that the car was not overloaded.

James H. Payne, witness for plaintiff, testified that he was a member of the firm of Payne & Co., at Kansas City; that he remembered buying and shipping to plaintiff on or about March 21, 1883. At the time they were shipped, the cattle were in good condition, or in such condition as stock cattle usually are at the time of loading them. Could not swear positively whether he superintended the loading of them or not. The usual time of loading stock for the noon train was 11:30. Sometimes a few minutes earlier or later, then they were hauled to the yards, the train made up, and they pull out at twelve o'clock.

A certificate issued by the firm of Payne & Co. was here introduced in evidence, which recited that the car contained forty-two head of cattle, and was loaded at 11:30 A. M., March 21, 1883.

The witness further stated, that he did not know at what time the train left Kansas City on this occasion. He only knew when the car was loaded, and had no personal recollection of the shipment.

The claim for damages made by plaintiff was here offered in evidence. It was dated March 22, 1883, and was admitted by defendant to have been received in due time. The original contract of shipment was then offered in evidence.

It was thereupon admitted by the parties, that the car of live stock in question was shipped under the contract in evidence; that said contract was the only one under which the shipment was made, and that it was executed March 21, 1883, by Payne & Co., as agents for the plaintiff.

This was all the evidence in the case. The court then overruled defendant's demurrer to the evidence, and exceptions to such ruling were duly saved.

The following instructions were given for defendant:

"1. The court instructs the jury that under the contract in evidence, the burden of proving negligence on the part of defendant is upon plaintiff in this action, and the jury are instructed that if nothing more is shown than a mere delay of seven hours in the transportation of plaintiff's cattle from Kansas City to Carrollton, at the time in question, then the verdict must be for the defendant."

"2. If the jury find from the evidence that the injury and damages to plaintiff's cattle, at the time and place in question, was occasioned by putting too many of said cattle in the car, then they are instructed that plaintiff cannot recover in this action, and the verdict must be for the defendant."

The following instruction for defendant was refused:

"3. The court instructs the jury that even though you may find the defendant was negligent, by reason of delay, in the transportation of the cattle, under the other instructions given in this cause, and should find the issues for the plaintiff, then you can only, under the contract in evidence, and sued upon, return your verdict for such an amount as you may believe and find from the evidence the plaintiff actually expended in the purchase of food and water for said cattle, and no other amount whatever, and if the plaintiff expended nothing for that purpose, your verdict must be for defendant."

The court refused to give said instruction, to which ruling defendant duly excepted.

On the eighteenth day of December, 1883, the court, sitting as a jury, found a verdict in favor of plaintiff, assessing his damages at the sum of one hundred and fifty-eight dollars, and entered judgment against defendant for said sum.

On the same day defendant filed its motion for a new trial, assigning the usual grounds therefor.

The cause was thereupon continued upon said motion until the March term, 1884, of said court, and on the twenty-seventh day of March, 1884, and at the March term thereof, said motion was, by said court, overruled, to which ruling and order of the court defendant then and there excepted.

On the same day defendant presented its bill of exceptions, which was signed by the court, whereupon defendant duly perfected its appeal to the supreme court of Missouri, where, by operation of law, the cause was transferred to this court.

HALL, J.—The appellant seeks a reversal of the judgment in this case, and assigns therefor two reasons. (1) That the evidence totally failed to show that the delay complained of in the petition was caused by the negligence of the defendant. (2) That the court erred in refusing to give the third instruction asked by the appellant, because, by the terms of the contract, in case of even negligent delay, the recovery was limited to the amount expended for food and water.

Rule fifteen of this court provides that "in all cases the appellant or plaintiff in error shall file with the clerk of this court, on or before the day next preceding the day on which the cause is docketed for hearing, five copies of a printed abstract or abridgment of the record in said cause, setting forth so much thereof as is necessary to a full understanding of all the questions presented to this court for decision * * *."

Does the abstract or abridgment of the record, so called, filed by the appellant in this case comply with the requirements of that rule ?

Those requirements are obligatory and binding, as we have frequently held (See *Foster v. Trimble*, 18 Mo. App. 394), and unless the appellant has complied with them his appeal will be dismissed.

The rule requires that every part of the transcript

relied upon as error, and all that is necessary to show it such, must be printed in the abstract. The object of the rule is that we may be able to treat the appellant's abstract, unless the respondent shall file a counter-abstract, as the record itself, and, in this way be saved the time and trouble necessary for an examination of the transcript.

Where no point is made on the pleadings the effect of the pleadings may be stated in the abstract, and that will be sufficient. And so where no point is made as to the sufficiency of the evidence it will be sufficient to set forth in the abstract the tendency of the evidence.

But the first point made in this case is that the evidence was insufficient to prove negligence on the part of the defendant as charged in the petition. The appellant should have set out in his abstract, *in haec verba*, so much of the transcript as contained all the evidence on that question. Without such an abstract we are unable to say what was the evidence or what was its effect, unless we examine the transcript. The appellant in his abstract has not pretended to set out the evidence as contained in the transcript in the words used in the transcript. The appellant has simply set out in the abstract his version of the evidence, that is to say, what the effect or meaning of the evidence was in his opinion. Without the words used in the transcript we cannot treat the abstract as the record itself.

The second point made by the appellant rests upon a certain special contract pleaded in the answer and offered in evidence by the appellant. And yet the abstract does not contain such contract. The statement of the case made by the appellant, to be sure, in the words, not of the contract, but of the appellant's counsel, does set forth what is said to be the substance and effect of the contract. But that will not suffice. The contract itself, or so much of it as was necessary to show the error of the court complained of, in the words of the contract, should have been set out in the abstract.

The abstract was, therefore, in our opinion, insuffi-
cient. And the appeal is dismissed. All concur.