ELIZA CUOMO AND HER HUSBAND, Respondents, v. THE CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, February 8, 1887.

1. PRACTICE—BILL OF EXCEPTIONS NOT FILED IN TIME PRESCRIBED BY ORDER OF COURT—CASE ADJUDGED.—Where the bill of exceptions was not filed within the time prescribed by the order of the circuit court, granting the appellant leave to file it after the expiration of the term of the court at which the appeal was taken, the bill of exceptions is, in contemplation of law, no bill of exceptions; and so far as concerns the trial in that court, there is nothing for this court to review.

2. ——— ABSTRACT OF RECORD—CONSTRUCTION OF RULE FIFTEEN OF THIS COURT.—Under *rule fifteen* of this court (relating to abstracts of records, etc.), the appellant's *original* abstract of the record must not show the grounds of one error, and the appellant's *reply* to the *additional abstract* filed by the respondent, the grounds of another error. The *reply* cannot contain an abstract of the record

showing a *new and distinct* ground of error. An appellant can obtain relief only on the grounds of error made to appear from the *original* abstract of the record.

Appeal from Buchanan Circuit Court, Hon. S. P. Huston, Special Judge.

*Affirmed.*

Statement of case by the court.

The appellant filed, in this court, an abstract of the record containing the pleadings, the evidence, and the instructions, and a brief in connection therewith, setting up the action of the trial court during the trial, in various respects, as made to appear by said abstract of the record, as error. A copy of the abstract of the record and brief was duly delivered to the attorney of respondents, in compliance with rule fifteen of this court. And the respondents thereupon prepared, delivered a copy thereof to the attorney of the appellant, and filed in this court a brief and further abstract of the record. From said additional abstract it is made to appear that an appeal was allowed in this case on October 29, 1885, and that the appellant was granted leave to file a bill of exceptions on the first day of the next January term of the circuit court, and that the bill of exceptions was filed on the fortieth day of said January term.

In reply the appellant set out certain record entries, not contained or referred to in its original abstract of record, concerning the organization of the court, viz: the selection of a special judge in this case and the empanelling of a jury, from which entries, it appears, it is argued by appellant, that the special judge had no authority to act, and that the jury were not sworn. And for this reason the appellant asks that the judgment be reversed.

James Limboid, city counselor, for the appellant.

GREEN & BURNES, for the respondents.

I. There being no bill of exceptions filed in time allowed by the court, the record proper is all that can be considered by this court. *Holloway v. Moberly*, 18 Mo. App. 553; *Eau Claire Co. v. Howard*, 76 Mo. 517.

II. The petition in the cause being sufficient, there is no error in the record. *Mack v. St. Louis Railway Co.*, 77 Mo. 232; *Otto v. St. Louis Railway Co.*, 12 Mo. App. 168; Black on Proof and Pleading, sect. 141.

HALL, J.—The bill of exceptions was not filed within the time prescribed by the order of the circuit court, granting the appellant leave to file it after the expiration of the term of the court at which the appeal was taken, and hence said bill of exceptions is, in contemplation of law, no bill of exceptions. Rev. Stat., sect. 3656; *Holloway v. City of Moberly*, 18 Mo. App. 553, and cases cited; *Dale v. Patterson*, 63 Mo. 98; *Baker v. Loring*, 65 Mo. 527; *West v. Fowler*, 59 Mo. 40; s. c., 55 Mo. 300.

The record, therefore, does not contain any exceptions taken to the action of the court during the trial, and so far as concerns the trial there is nothing for us to review.

As to the organization of the trial court in the following respects, viz: the selection of a special judge and the empanelling of a jury, the abstract of the record filed by the appellant contained not a word. From said abstract of the record we are totally unable to understand anything concerning said organization of the court. By rule fifteen, of this court, the appellant was required to set forth in the abstract of the record so much of the record as was necessary to a full understanding of all the questions presented to this court for decision. The question, then, is, had the appellant the right, under said rule, to set forth in the reply to the

abstract and brief filed by the respondents, the record entries concerning said organization of the court, when in the original abstract of the record no reference was made thereto?

As to a reply, said rule fifteen provides: "And the counsel for appellant or plaintiff in error may, if he desires, within five days after the service on him of the respondent's or defendant in error's abstract and brief aforesaid, prepare, file and serve a reply thereto, in the manner aforesaid."

The reply must be in the nature of a reply. It might contain a supplemental abstract of the record for the purpose of contradicting the abstract of the record filed by respondent, or even for the purpose of adding to or explaining the original abstract of the record filed by appellant, but it could not contain a part of the record not mentioned in said original abstract of the record for the purpose of raising as error that to which no reference had theretofore been made by either the appellant or respondent. The appellant, in its original abstract of the record, set forth so much of the record as showed a history of the trial, and in its brief asked for a reversal of the judgment, on account of errors that occurred in the trial. The abstract of the record contained nothing concerning the organization of the court; the respondents' abstract contained nothing in relation thereto; the appellant, in its reply could not, under rule fifteen, set forth the record concerning the organization of the court, and ask for a reversal of the judgment, not because there had been error in the trial, but because there had been no trial. An appellant's original abstract of the record must not show grounds of one error and the appellant's reply the grounds of another error. The reply cannot contain an abstract of the record showing a new and distinct ground of error. An appellant can obtain relief only on the grounds of error made to appear from the original abstract of the record.

The organization of the court in the respects named is not, therefore, for review by us.

It follows that there is nothing before us for our determination, the appellant having made no other points than those alluded to, and that the judgment of the circuit court must be affirmed. All concur.