·THE STATE OF MISSOURI *ex rel.* W. J. COX, Respondent, v. JAMES L. PACE, Appellant.

Kansas City Court of Appeals, March 4, 1889.

1. **Pleading**: PETITION, SUFFICIENCY OF, RULE AS TO. A petition on attachment bond is sufficient, when it plainly avers the execution of the bond, and sets out in *haec verba* its conditions, which set forth its legal effect, and then follows with an assignment of breaches to which no objections are taken ; the rule being that, if the facts requisite to constitute a cause of action are necessarily inferable from the pleading taken in its entirety, though informally stated, it will be held good after verdict.

2. ——— : ———.    Nor is the absence from such petition of an averment, that there was an affidavit for the attachment made and filed, fatal, where it avers, that there was in such attachment suit a plea in abatement, and that upon the issues tendered by it a trial and judgment was had.

3. **Appellate Practice** : RULE 15.    There being no abstract of the record, as required by rule 15, this court in the consideration given this case, have certainly more than discharged their duty and are precluded from further examination into the alleged grounds of appeal.

*Appeal from the Bates Circuit Court.*—HON.  C.  W. SLOAN, Judge.

AFFIRMED.

*Parkinson & Graves*, for appellant.

The plaintiff's petition is clearly insufficient, either on objection to the admission of any evidence under it, on motion in arrest, or on suggestion to the appellate court. There is no obligor or obligee or amount averred, nor conditions set out. *Muldrow v. Tappan*, 6 Mo. 276 ; *McNulty v. Collins*, 7 Mo. 69 ; *Perkins v. Reed*, 8 Mo. 33 ; *Biddle v. Boyce*, 13 Mo. 533; *Andrews v. Lynch*, 27 Mo. 167 ; *Frazier v. Roberts*, 32 Mo. 457 ; *Ins. Co. v. Bank*, 61 Ill. 482 ; *Furnishing Co. v. Wallace*, 21 Mo. App. 128. Stephens' Plead. ( 3 Am. from 2 Lond. Ed.) R. 5 and 6, pp. 340, 341. There being no averment or proof of affidavit for attachment, the issue of writ of attachment by the clerk was unauthorized and void, and there being no proof of appellant's presence, counsel or procurement, of the alleged acts of the officers, or of the acts of Beatty as agent of the principal in the bond, appellant, being security merely, is not liable for the trespass committed. The affidavit is jurisdictional, and if not filed the parties acting under the writ are trespassers ; and appellant, as surety only, is not liable. *Bray v. McCluey*, 55 Mo. 128 ; *Hargadine v. Van Horn*, 72 Mo. 370 ; *Burnett v. McCluey*, 78 Mo. 689 ; *Abernathy v. Moore*, 83 Mo. 71.

*Holcomb & Smith*, for respondent.

(1) Appellant's counsel have furnished no abstract sufficient to warrant a reversal in this case, conceding their theory to be true. *Hyatt v. Wolf*, 22 Mo. App. 191 ; *Goodson v. Railroad*, 23 Mo. App. 76 ; *Cuomo v. City of St. Joseph*, 24 Mo. App. 567. (2) If the petition were as shown by appellant's statement, it is still an imperfect statement of plaintiff's cause of action, and on demurrer might be held bad, but after verdict it is sufficient, especially where the evidence, as in this case,

fully authorized and warranted the verdict. *Jones v. Louderman*, 39 Mo. 287 ; *Bank v. Franklin County*, 65 Mo. 105 ; *Garth v. Caldwell*, 72 Mo. 622 ; *Revelle v. Railroad*, 74 Mo. 438 ; *The State ex rel. v. Williams*, 77 Mo. 463. The bond sued on was executed by appellant, and respondent in consequence was damaged thereby. *Barnes v. Webster*, 16 Mo. 258; *Henoch v. Chaney*, 61 Mo. 129 ; *State ex rel. v. Stark*, 75 Mo. 567.

SMITH, P. J.—This was an action brought by the relator Cox, against the defendants on a bond for an attachment in the circuit court of Bates county. Relator's petition after entitlement avers " that on the fifth day of December, 1885, the above named defendant, the Walnut Land and Coal Company being about to commence an action in this court against the relator herein, W. J. Cox, by attachment, in order to procure from the office of the clerk of this court, by issue of a writ of attachment against the property of the defendant therein, the relator, W. J. Cox, together with one James L. Pace as security, executed and delivered to the clerk of this court, a bond conditioned as follows : "

Then sets out in *haec verba* the bond and signatures and an averment that the same was sealed and a copy attached and that Pace signed as J. L. Pace.

Then follows a recital of the issue of the writ and its service, with an account of the property seized and its value, and the various steps taken by the parties, till final judgment on the plea in abatement and an averment of the various items of expenditure and damage growing out of said suit and then assigns his breaches in words as follows :

" Plaintiff now alleges as breaches of the conditions of said attachment bond, committed by the said Walnut Land and Coal Company, that it, as plaintiff in said action, failed to prosecute its said action with effect and without delay ; and has failed to pay all damages

and costs that did accrue to the defendant therein, the relator in this action, wherefore the plaintiff says the right of an action on said bond hath accrued to plaintiff for the benefit of the relator herein, W. J. Cox, for the damages so sustained by him as aforesaid, which the defendants wholly fail and refuse to pay."

The petition concludes with a prayer for judgment for the penalty and assessment of damages.

The answer was a general denial coupled with an admission that defendants had executed an attachment bond but that the bond averred in the petition was not such bond.

At the trial the defendants objected to the introduction of any evidence by the relator on the ground that the petition did not state facts sufficient to constitute a cause of action. This objection was overruled and the relator was permitted to introduce his evidence.

The abstract does not set forth the evidence nor any abridgment thereof, nor does it contain all the instructions given by the circuit court. Indeed, there is no abstract whatever of the record, but there is a vague and indefinite statement of the history of the case.

The verdict of the jury was for the relator. An appeal was taken to this court from the judgment which followed.

I. The defendants' claim that the petition does not state facts sufficient to constitute a cause of action is not tenable. The petition plainly avers the execution of the bond sued on.

"The legal effect of the bond is fully set forth in its conditions which are set out in *haec verba* in the petition, and this we think rendered unnecessary any matter of inducement in the preceding part of the petition." *State ex rel. McKeon v. Williams*, 77 Mo. 463

The conditions of the bond being thus fully set forth and there being no complaint that the breaches of such conditions are not well assigned the petition is not obnoxious to the objection made thereto by the defendants.

It is perhaps true that the petition in some respects may be inartificial and unspecific, but all the facts which are necessary to constitute a cause of action are either expressly averred or are plainly inferable. Under the exposition of the petition which we have made the obligors and obligee on the bond are apparent enough.

The defendants further object that it is not averred in the petition that there was an affidavit made and filed for the attachment in the case in which the bond sued on was given. The petition avers, as the defendants in their meagre abstract inform us, that there was filed in said attachment suit a plea in abatement and that upon the issues tendered by it a trial and judgment was had. The plea in abatement which was offered in evidence in this case denies that "defendant had within thirty days removed a part of his crop from the farm *described in the affidavit for the attachment.*"

This court may, after judgment, well infer that since there was a trial on the issue made by the plea in abatement, that there must have been previously filed in the attachment suit an affidavit for the attachment without which no plea of abatement could have been filed. This inference finds support as we have seen by the very face of the plea in abatement itself, which shows that it was filed in response to an affidavit for an attachment. The rule in cases of this kind is that, if the facts requisite to constitute a cause of action are necessarily inferable from the pleading taken in its entirety though informally stated, it will be held good after verdict. *State ex rel. McKeon v. Williams,*

*supra; Edmundson v. Phillips*, 73 Mo. 57 ; *Hurt v. Hahn*, 61 Mo. 496 ; *Corpenny v. Sedalia*, 57 Mo. 88 ; *Schultz v. Ins. Co.*, 57 Mo. 331.

The statute provides that no judgment shall be reversed "for want of any allegation or averment on account of which omission a demurrer could have been maintained," nor "for omitting any allegation or averment without proving which the triers of the issue ought not to have given verdict." R. S., sec. 3582.

There is also a further provision requiring the courts in every stage of action to disregard any error or defect in the pleadings or proceedings which do not effect the substantial rights of the parties, with which mandatory provision is coupled the prohibition that "no judgment shall be reversed or affected by reason of such error or defect." R. S., sec. 3569.

In the face of these statutory provisions and the decisions of the supreme court construing the same, we cannot hold the petition insufficient.

It is quite true that where an averment, essential to the plaintiff's cause of action, is omitted, and is not plainly inferable from other facts expressly averred, that in such case the petition can derive no aid from the verdict. *Schaler v. Van Warmer*, 33 Mo. 387 ; *Staley House Furnishing Co. v. Wallace*, 21 Mo. App. 129.

But here the matter, which the defendants contend should have been expressly averred in the petition, is necessarily implied from what is expressly stated therein, and for that reason is cured by the verdict.

II. There is no abridgment of the evidence nor setting out of all the instructions contained in the defendants' statement of the case—which is improperly designated an "abstract of the record" as required by rule 15, governing the practice in this court, so that we are precluded from a further examination into the defendants' alleged grounds of appeal.

In the examination thus far made into the record, it may be thought that we have gone to the very verge of an encroachment upon rule 15 as construed by us and adhered to in disposing of other cases. *Foster v. Trimble*, 18 Mo. App. 394; *Goodson v. Railroad*, 23 Mo. App. 76; *Hyatt v. Wolf*, 22 Mo. App. 191; *Cuomo v. St. Joseph*, 24 Mo. App. 567.

In the consideration which we have given this case, we feel that, under any reasonable construction of said rule 15, we certainly have more than discharged our duty.

If parties to suits originating in the trial courts desire to invoke the decision of this court upon any matter of difference between them, they must first conform to the rule referred to, which exacts a printed abstract or abridgment of the record setting forth so much thereof as is necessary to a full understanding of all the questions presented, or suffer the penal consequences for their neglect.

The judgment must be affirmed.   All concur.