MARY E. NICHOLS, Respondent, v. ANDREW J. NICHOLS, Appellant.

Kansas City Court of Appeals, February 17, 1890.

1. **Divorce:** PLEADING : UNTRAVERSED CROSS-BILL, EFFECT OF : DUTY OF COURT. In a divorce proceeding, the fact that plaintiff fails to controvert, by any pleadings, the allegations of the cross-bill, does not entitle the defendant to a divorce; no state of pleadings alone authorizes the court to grant a divorce; something more is necessary to confer jurisdiction to make such decree. The court must require proof of good conduct, and be satisfied who is the innocent and injured party.

2. **Appellate Practice :** WHEN ABSTRACT MUST CONTAIN EVIDENCE. Where the sufficiency of the evidence to sustain the action of the trial court is in question, it is the duty of the appellant, under rule 15 of this court, to have set it out in his abstract *in haec verba.*

3. ————: DEFERRING TO THE FINDING OF THE TRIAL COURT : DIVORCE PROCEDURE EQUITABLE. The practice and procedure in divorce suits are, in their nature, equitable, and the rule of practice is that appellate courts will review the evidence in equity cases, but where there is a great conflict of evidence much weight will be given to the finding of the chancellor, who is the best judge of the credibility of the witnesses.

4. **Divorce:** ABANDONMENT : COLLUSION. In the opinion, the omission of the defendant to try to reclaim his wife on her abandonment of him, and also the failure of the wife to appear to the appeal are discussed as smacking of collusion, and, therefore, disinclining the court to regard with favor defendant's appeal.

*Appeal from the Cedar Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*R. F. Buller,* for the appellant.

(1) The circuit court ought to have given the defendant a decree of divorce upon his cross-bill. Its allegations constituted new matter, which, not having

been replied to, stood admitted, and it was, therefore, admitted that the plaintiff had abandoned him, without reasonable cause, for more than one year, which, under the statute, would entitle him to a divorce. R. S., secs. 3545, 3525 and 2174. (2) It is manifest that the finding against the plaintiff was equivalent to a finding that her charges of cruelty and ill treatment were untrue, and it necessarily follows that, when she abandoned the plaintiff, she did so without reasonable cause. If so, then the defendant had a statutory right to a divorce, on that ground, of which he could not be deprived by the arbitrary action of the circuit court. R. S., sec. 2174. When a party makes out a case, entitling him to a divorce, it is the duty of the court to grant it. *Hoffman v. Hoffman,* 43 Mo. 547; *Green v. Green,* 22 Mo. App. 494. (3) Moreover, a careful examination of the evidence leads irresistibly to the conclusion that the plaintiff's stories of mistreatment and misconduct on the part of the defendant were a mere badly woven tissue of falsehoods, and that she just abandoned his house and home without any cause whatever.

No brief for the respondent.

SMITH, P. J.—The plaintiff sued defendant for a divorce on the double grounds of cruelty and personal indignities. The defendant filed a cross-bill alleging abandonment by plaintiff. The plaintiff did not controvert, by any pleading, the allegations of the cross-bill. The circuit court, after hearing the evidence on both sides, dismissed the petition and the cross-bill. The defendant brings the case here by appeal.

I. The defendant contends that he is entitled to a decree : (1) On the pleadings, since his cross-bill was not controverted by the plaintiff, and (2) on the evidence as adduced in the case. As to the first ground of the defendant's contention, it may be remarked that, under

no state of the pleadings alone, in a divorce case, is either party entitled to a decree for a divorce. Something more is necessary to confer jurisdiction on the court to make such a decree. Whether the cause stated for a divorce is controverted or not, the introduction of proof is indispensable. If the grounds for the divorce are controverted by the pleading of the defendant, accompanied by allegations in the nature of a cross-bill, the court may grant a decree of divorce to the defendant, if satisfied, from the hearing, that he is the injured party, or, if the cross-bill is not controverted by a pleading of the plaintiff, and the action becomes *ex parte* in consequence thereof, then the court must require proof of good conduct of the defendant, who occupies the attitude of petitioner in the case, and be satisfied that he, or she, is an innocent and injured party. R. S. 1879, sec. 2182. It is, therefore, quite plain that, upon no state of the pleadings alone, was the court authorized to grant the defendant a divorce, nor was the defendant entitled to what the court was powerless to grant him.

II. And as the second ground of defendant's contention it may be observed that the defendant's abstract neither contains nor pretends to contain all the evidence in the case. It sets forth parts of the evidence and refers us to the transcript of the record for other parts of it where under the rules and practice of this court we are not permitted to look. The sufficiency of the evidence being in question, it was the duty of defendant under rule 15 of this court to have set it out in his abstract *in haec verba. Goodson v. Railroad,* 23 Mo. App. 76; *State v. Pace,* 33 Mo. App. 458. If the trial judge who sat face to face with the witnesses while they testified, and heard all their testimony, and who was afforded an opportunity to observe their demeanor while testifying, and to determine the value of their testimony, was not satisfied with the proof of defendant's good conduct,

and that he was an injured and innocent party, how can this court, who has only glimpses of the evidence as presented by the abstract, be so satisfied in the face of its admitted contradictions and conflicts? While the statute provides the causes for which a divorce may be granted the practice and procedure in suits therefor are in their nature equitable.

And the rule of practice is that appellate courts will review the evidence in equity cases, but where there is great conflict of evidence much weight will be given to the finding of the chancellor who is the best judge of the credibility of the witnesses. *Bryden v. Bank*, 15 Mo. App. 580. The circuit judge who tried the case was presumably acquainted with the witnesses and parties who testified before him, and his finding we think ought to be deferred to by us (*Sneld v. Harrison*, 83 Mo. 651; *Sharp v. McPike*, 62 Mo. 300; *Hodges v. Black*, 76 Mo. 537; *Royle v. Jones*, 78 Mo. 403), unless he has disregarded the evidence which we cannot say is the case.

In this connection it may not be improper to remark that it does not appear by the abstract that after the plaintiff went away from defendant's home that he made any effort to induce her to return to him. He neither requested this himself in person nor through a friend or by letter. If his young, weak and erring wife left his bed and board without cause, it was his duty as husband to have taken some steps to induce her to return to him. The inference to be deduced from his conduct in this regard is that she went away not without cause, or at least not without his approbation.

It further seems that the plaintiff did not answer the defendant's cross-bill, and has not appeared to his appeal, although she has acknowledged the receipt of defendant's brief, and these facts have created in our mind a lurking suspicion that there may be some collusion between the parties, and which disinclines us to regard with favor the defendant's appeal. We do not

think either the statutes or the best interests of society require that a divorce should be had by the mere asking for it. Considerations of public policy forbid it. The statute authorizing divorces should be so construed as to require a party seeking to avail himself of its provisions to bring his case exactly within its requirements. In our opinion these statutes should not be so construed as to make the procurement of divorces easy. This policy would induce the exercise of greater caution by those contemplating entering into the marriage relation and thus avoid in many instances hasty and inconsiderate marriages. And where such have occurred the parties thereto would likely be more disposed "to suffer the ills" they have "than to fly to others" they "know not of."

The decree of the circuit court of Cedar county is affirmed. All concur.