THE BANK OF TIPTON *et al.*, Defendants in Error, v. JNO. F. DAVIDSON, Plaintiff in Error.

Kansas City Court of Appeals, February 17, 1890.

*Rehearing denied, March 1, 1890.*

*Modification denied, April 14, 1890.*

1. **Appellate Practice:** RULE 15: ABSTRACT: SUPPLEMENTAL ABSTRACT. Rule 15 requires the abstract to set forth so much of the record as is necessary to a full understanding of all the questions presented to the appellate court for decision; and such court will not look beyond the abstract for information upon which to determine such question; and such matter must be set out in the first or original abstract and not in a so-called supplemental abstract.

2. **Injunction:** CLOUD ON TITLE: SUFFICIENCY OF PETITION. Where a petition, as in this case, shows that the defendant had of record an apparent right to sell the plaintiff's land and make a title thereto superior to the plaintiff's, but that in the light of the facts outside the record, and which rest in parol, and can only be shown by extrinsic testimony, the defendant has no such right, such petition shows that plaintiff is entitled to equitable relief and an injunction.

*Appeal from the Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*A. W. Anthony*, for the plaintiff in error.

(1) The petition alleges as grounds for injunction, that Davidson's claim is barred by limitation, and is fraudulent and void. If this be true, defendants in error, by their purchase of the mill property, hold the title in fee simple, and injunction is not the proper

remedy, if any is needed. *Witthaus v. Bank*, 18 Mo. App. 181; *Dickhaus v. Olderheide*, 22 Mo. App. 76; *Drake v. Jones*, 27 Mo. 428.

*B. R. Richardson* and *Draffen & Williams*, for the defendants in error.

(1) The abstract of the plaintiff in error does not set out the evidence in the case. It has been repeatedly decided that this court will not examine the transcript to determine whether the finding of the circuit court is in accordance with the evidence, where the plaintiff in error has omitted to state it in his abstract. If the plaintiff in error desired to present that question, it was his duty, under the rules of this court, to set out the testimony. He has also failed to set out the rulings of the trial court during the progress of the cause. This court is, therefore, precluded from examining said matters. *Houseman v. Hope*, 20 Mo. App. 193; *Kamerick v. Castleman*, 29 Mo. App. 658; *Hyatt v. Wolfe*, 22 Mo. App. 191; *Cuomo v. St. Joseph*, 24 Mo. App. 567; *Brown v. Pope*, 28 Mo. App. 379; *Goodson v. Railroad*, 23 Mo. App. 76.; *Bank v. Iron Co.*, 97 Mo. 38. (2) The abstract of the plaintiff in error, as also that of the defendants in error, gives a synopis of the pleadings, and the only point that is before this court for review, is the first one raised by the brief of plaintiff in error. This is not well taken: *First*. Under the allegations of the petition, the plaintiffs were clearly entitled to equitable interposition to restrain a sale under the mortgage, and to decree the cancellation of the same. The matter avoiding the lien of the mortgage rest largely in parol, and in such cases equity will interfere in favor of a party in possession to prevent a cloud upon his title. *Church v. Hintze*, 72 Mo. 363; *Bank v. Player*, 51 Mo. 335; *Harrington v. Utterback*, 57 Mo. 519; *Mason v. Black*, 87 Mo. 329. The cases cited by appellant do not militate against this rule. *Second*. The

pleadings do not present any question to equitable jurisdiction. *Blair v. Railroad*, 89 Mo. 383; *Shickle v. Watts*, 94 Mo. 410.

GILL, J.—It would seem hardly necessary so often to remind lawyers and litigants of the existence of rule 15 of this court requiring " the appellant or plaintiff in error to file here, on or before the day next preceding the day on which the cause is docketed for hearing, copies of a printed abstract or abridgment of the record in said cause, setting forth so much thereof as is necessary to a full understanding of all the questions presented to this court for decision." Nor is it necessary to repeat, as so often declared, that we will not look beyond the abstract for information upon which to determine the question raised. *Foster v. Trimble*, 18 Mo. App. 394; *Goodson v. Railroad*, 23 Mo. App. 76; *City of Kansas v. O'Connor*, 36 Mo. App. 594.

The appellant or plaintiff in error, too, must set out the portion of the record relied on in his first, or original, abstract. He cannot fail or refuse to furnish such abridgment or abstract in the first instance, and then after respondent shall suggest in his brief such failure cure the defect by a so-called supplemental abstract. *Cuomo v. The City of St. Joseph*, 24 Mo. App. 567.

The plaintiff in error here has furnished nothing by his so-called abstract except a mere statement of the case with a very general statement as to the contents of the petition. To this the defendants in error have added a more definite synopsis of the pleadings; which then presents us for decision nothing but a determination of the one point raised, to-wit, as to the sufficiency of plaintiff's petition.

The material averments of the petition in this case are, in substance, that Humes Bros. were the owners of a mill and tract of land upon which the same was situated in Morgan county, Missouri; that they sold said

property to one Zulauf and made him a deed thereof, and took his promissory notes for the purchase money; that there were five of these notes; that each was for the sum of one thousand dollars; that two of them were transferred by Humes Bros. to the Bank at Tipton, and one to Lumpee, another to one McDow, and the remaining note to the defendant Davidson; that these notes were secured by a deed of trust upon the property; that default was made in the payment of the same, and the property was sold by the trustee under said deed, and purchased by the plaintiffs who were in possession thereof; that some controversy arose as to the disposition of the money arising from the sale, and the trustee had filed a bill, asking that the holders of the notes be required to interplead and have their rights to the money in his hands settled and determined, and that this was still pending; that the defendant Davidson was about to sell said property, and had advertised the same for sale, under a pretended mortgage alleged to have been executed by Humes Bros. to the defendant and others on the tenth of November, 1871, and prior to the sale to Zulauf, and more than sixteen years before any attempt was made to foreclose the same; that said debt claimed to be secured by said mortgage, under which defendant was about to sell the lands, had been settled and extinguished; that it was also barred by the statute of limitation, and that there were pretended credits indorsed on the note, purporting to be secured by said mortgage, but that they were not made on the dates written upon the note, but were fraudulently placed thereon after the bar of the statute of limitations had attached; that said note had been settled and surrendered by the defendant to the makers thereof, long prior to the sale to the plaintiffs; that the claim under said mortgage was fraudulent, and made in collusion with Humes to extort money from the plaintiffs by casting a cloud upon their title; that after their purchase,

the plaintiffs took possession of, and made valuable improvements on, said property with defendant's knowledge, and in ignorance of any claim upon defendant's part under said mortgage, and that the defendant knew that the plaintiffs were making said improvements under the belief that they were the sole parties interested therein. The plaintiffs ask that said pretended mortgage be cancelled and annulled, and that the defendant be enjoined from making said sale, etc.

It is quite clear, that, admitting the truth of the foregoing allegations, plaintiffs should have equitable relief to prevent and remove a cloud from their title to the real estate in question. It would seem that defendant had of record an apparent right to sell this land and make a title thereto superior to that already acquired by the plaintiffs, but in the light of the facts *outside* the record, and which rest in parol, and can only be shown by extrinsic testimony, the defendant has no such right. In such cases there is no doubt as to the right to invoke equitable relief. *Drake v. Jones*, 27 Mo. 432 ; *Harrington v. Utterback*, 57 Mo. 519 ; *Mason v. Black*, 87 Mo. 344–5.

Let the judgment of the circuit court be affirmed. All concur.

