The Aultman & Taylor Co. v. Smith.

The Aultman & Taylor Company, Plaintiff in Error, v. C. K. Smith, Defendant in Error.

Kansas City Court of Appeals, January 16, 1893.

1. **Principal and Surety**: EXTENDING TIME: CONSIDERATION. In order to discharge a surety, an agreement between the creditor and the principal debtor extending the time of payment must be upon a valuable consideration and for a definite time, and so bar the action of the creditor during such time, and preclude the surety from asserting his right in court.

2. **Practice, Appellate**: ABSTRACT: EVIDENCE: INSTRUCTIONS. The appellate court will not consider objections to instructions which require an examination of the evidence where the abstracts present mere excerpts from the evidence.

3. **Principal and Surety**: RESORT TO COLLATERAL SECURITY: SUBROGATION: COMMON ERROR. A surety cannot compel the creditor to exhaust liens and collaterals before he can look to the personal liability of the surety, who can pay his debt and avail himself of the liens, rights and advantages of the creditor; but, appellant having adopted such theory in his instructions, is estopped to complain thereof.

4. **Instructions**: EXTENDING THE ISSUES. An instruction, though well enough in itself, which exceeds the limits of the defense pleaded in the answer, is fatally vicious.

5. **Practice, Appellate**: ERROR, NON-PREJUDICIAL: INSTRUCTION. An instruction justly subject to criticism will not reverse unless it specially operated to the prejudice of the complaint.

*Appeal from the Bates Circuit Court.*—Hon. Chas. W. Sloan, Judge.

Reversed and remanded.

*Henry Wollman* and *Alexander New*, for plaintiff in error.

(1) The first instruction given on behalf of the defendant is erroneous. The law in this state is, that

in order to release the surety the extension must not only have been for a valuable consideration, but must also have been for a definite period of time. *West v. Brison*, 99 Mo. 684, 693. (2) The instruction is bad, for the further reason that there was no proof at all that there was a valuable consideration moving to plaintiff for the extension, and nothing in the evidence to base this instruction on. 2 Benjamin on Sales [4 Am. Corbin's Ed.] sec. 1004; *Moser v. Hock*, 3 Pa. St. 230; *Brown v. Kirk*, 20 Mo. App. 524; *Russell v. Brown*, 21 Mo. App. 51; *Hartman v. Redman*, 21 Mo. App. 124. (3) The second instruction given for defendant is erroneous. The court tells the jury that defendant Smith has a right to prove by "verbal or parol evidence" in what capacity he signed the notes sued on, whether as principal or surety. We cannot understand what the jury has to do with knowing what kind of testimony is admissible, or what kind of testimony ought to be rejected. *Jones v. Roberts*, 37 Mo. App. 163, 175, 176; *Jones v. Jones*, 57 Mo. 138; *Weil v. Schwartz*, 21 Mo. App. 372, 382; *Copp v. Hardy*, 32 Mo. App. 588, 593; *State v. Smith*, 53 Mo. 267, 271. (4) A surety on a note secured by mortgage cannot compel the holder to exhaust the mortgage security before proceeding against him. The holder of a note has a right to pursue any course he sees fit. *Bank v. Terry*, 13 Mo. App. 99; *Allen v. Dermott*, 80 Mo. 56; *Allen v. Woodward*, 125 Mass. 400. (5) An instruction must never be broader than the pleadings and the evidence. *Waddinghaus v. Hulett*, 92 Mo. 528; *Fairgrieve v. Moberly*, 29 Mo. App. 141, 154. (6) Plaintiff was entitled to instruction number 3 which the court refused. Brandt on Suretyship & Guaranty, sec. 17, p. 21, and authorities cited; *Wilson v. Foot*, 11 Metc. 285.

No brief for defendant in error.

SMITH, P. J.—In 1882 plaintiff, Aultman & Taylor Company, sold some machinery to James Nestlerode and Zenos Smith (a brother of defendant, C. K. Smith), and took notes of the two Smiths and Nestlerode for the purchase price. In 1884 defendant Smith and Nestlerode, who together then had possession of the machinery, wanted to sell it to Braxton Bros., but could not, as plaintiff had a mortgage on it. In order to enable Smith and Nestlerode to sell the machinery, an extension was given and new notes were taken. All the notes were signed on their face by Braxton Bros., James Nestlerode and C. K. Smith. These notes were secured by chattel mortgage from Braxton Bros. on the machinery and on some horses and mules. The notes were executed on July 16, 1884, and were secured by chattel mortgage executed and acknowledged on July 21. Defendant, C. K. Smith, in his answer, claims that he signed the notes simply as surety, and that afterwards an extension was granted by plaintiff to the Braxtons on the notes given in 1884, because the Braxtons assured the plaintiff company that they would release it from the expense incurred in repairing the machinery that they had purchased from Smith and Nestlerode. Defendant, Smith also claims in his answer that plaintiff was required to first exhaust its mortgage security before holding him on the notes as surety. Plaintiff did not foreclose its mortgage, but sued on the notes. There was a trial which culminated in judgment for defendant, and plaintiff appeals.

The errors alleged to have been committed by the circuit court, of which plaintiff complains, arise out of the action of that court in the giving and refusing of instructions. The first of these is as to the giving

of defendant's first instruction, which directed the jury that if the defendant Smith signed the notes sued on as surety only and not as principal, and that plaintiff, for a valuable consideration agreed with the principal of said notes or either of them, to extend the time of the payment of the said notes, and that such extension of time was without the consent of the defendant Smith, then the jury should find the issues for him. This instruction misdirected the jury as to the law of the case. There is no rule of law more firmly settled in this state than that, where the surety claims to have been discharged by reason of an agreement between the creditor and the principal debtor extending the time of payment, it must appear that the agreement was upon a valuable consideration, and that the extension was for a definite period of time. *Russell v. Brown*, 21 Mo. App. 51; *West v. Brison*, 99 Mo. 693. The giving of time which will discharge the surety is not the mere promise of indulgence, but it is the act of the creditor depriving himself of the power of suing by something obligatory which precludes the surety from coming into a court of equity for relief, because the principal, having tied his own hands, the surety cannot release them. *Nichols v. Douglass*, 8 Mo. 49; *Hartman v. Redman*, 21 Mo. App. 124; *Brown v. Kirk*, 20 Mo. App. 524. Testing the said instruction by this rule, and it becomes quite manifest that it is radically erroneous in its enunciation, and should not have been given.

We must decline to consider the plaintiff's other objection to this instruction, for the plain reason that it involves an examination of the testimony which is not presented by the record before us. The plaintiff has contented itself with the presentation of mere excerpts from the testimony, which, under repeated rulings made by us, we cannot notice. *Goodson v.*

*Railroad*, 23 Mo. App. 76; *State v. Pace*, 34 Mo. App. 458; *Nichols v. Nichols*, 39 Mo. App. 291; *Deering v. Collins*, 38 Mo. App. 80; *Cuomo v. St. Joseph*, 24 Mo. App. 567; *Hyatt v. Wolf*, 22 Mo. App. 191; *Foster v. Trimble*, 18 Mo. App. 394; *Calvert v. Bates*, 44 Mo. App. 626; *Bank v. Davidson*, 40 Mo. App. 421; *Hattan v. Mining Co.*, 40 Mo. App. 448.

The plaintiff further objects that the trial court erred in telling the jury by defendant's third instruction that, if about the time of the extension of the notes sued on and as a part of the transaction, the Braxton Bros. executed a chattel mortgage on certain property described therein to secure the notes sued on, and if C. K. Smith only signed said notes as security, and that the plaintiff negligently suffered the property described in said chattel mortgage or any part thereof to be diverted from the purpose or lost as a security, or converted any of the same to its own use, by reason of which said property or any part thereof was lost as a security, then they should credit C. K. Smith with the reasonable value of the property, if any, so negligently lost or diverted or converted by plaintiff, and if they further found that the property, if any, so negligently lost or diverted from its purpose as a security, or converted by plaintiff, equaled or exceeded the amount of said notes at the time of such diversion, loss or conversion by plaintiff, they would not find any amount against C. K. Smith. As we understand it the converse of the rule announced in this instruction has been for a long time the well-recognized law in this and other jurisdictions. A surety cannot compel the creditor to exhaust liens and collaterals before he can look to the personal liability of the sureties. A creditor is free to take his choice and may enforce his debt without enforcing his lien. The surety is protected. He can be subrogated to the security of the creditor

when he has performed his contract. *Bank v. Terry*, 13 Mo. App. 99; *Allen v. Dermott*, 80 Mo. 56; *Allen v. Woodward*, 125 Mass. 400; *Geddis v. Hawk*, 1 Watt. 280. In the present case it was the duty of defendant Smith to pay the notes, and then he would have had a right to avail himself of the liens, rights and advantages of the plaintiff against the other defendants, who had executed the mortgage. *Allen v. Dermott, supra; Watson v. Sutherland*, 1 Tenn. Ch. 208.

Again, the instruction further directed the jury that, if the plaintiff converted any of the mortgaged property to its own use, then defendant Smith was entitled to a credit for the reasonable value of such property. This no doubt would have been well enough were it not that the answer interposed no such defense. The instruction in this respect exceeded the limits of the defense pleaded in the answer, and was for that reason vicious and fatal to the judgment. *Wright v. Fonda*, 44 Mo. App. 634; *George v. Railroad*, 40 Mo. App. 433; *Moffatt v. Conklin*, 35 Mo. 455; *Bank v. Murdock*, 62 Mo. 73; *Glass v. Gelvin*, 80 Mo. 302; *Fulkerson v. Thornton*, 68 Mo. 469; *Nugent v. Curren*, 77 Mo. 328; *Hassett v. Rust*, 64 Mo. 328; *Crews v. Lackland*, 67 Mo. 621; *Lenox v. Harmon*, 88 Mo. 495; *Waldern v. Railroad*, 71 Mo. 516; *Merritt v. Poulter*, 96 Mo. 240; *Noll v. Railroad*, 97 Mo. 74; *Bender v. Dungan*, 99 Mo. 130.

The evidence not having been set forth in the abstract, as already stated, we cannot determine whether the plaintiff's first instruction should have been given or not.

The plaintiff's third instruction, which was refused, declared that, if the jury found that upon the face of the note the name of defendant Smith appeared as principal and not as surety, then before he could prove his suretyship to the detriment of plaintiff,

and for the purpose of claiming his discharge by reason of the negligence of plaintiff in not foreclosing the chattel mortgage, he must establish, not only the fact that the other signers upon said note knew and recognized him to be only security on said note, but must further prove that said fact was at the making of said note known to plaintiff or its authorized agent. This instruction was properly refused as must be apparent in view of what has been already said in respect to the defendant's third instruction. The error of this instruction is similar to that there noticed; and which would be sufficient to estop the plaintiff from complaining of the judgment were it not for other errors that supervened at the trial of the case.

It may not be out of place to state in conclusion, that, while the criticism made by plaintiff on the defendant's second instruction is not unjust, we would not feel at liberty to reverse a judgment on that account, unless we could discover that the giving of it had specially operated to the prejudice of the complainant. Such an instruction, it is needless to say, should not be given in any case.

It must inevitably follow that the judgment should be reversed and the cause remanded. All concur.