FREELAND *vs.* MITCHELL, Administrator of THOMAS.

1. A. sold to B. a certain tract of land, and bound himself in the penal sum of six hundred dollars to give B. possession of the land by a certain day.    B., in the same instrument, bound himself to pay A., by that day, a certain sum, the consideration money.    *Held:* That had there been no penalty annexed to the covenant of A., his covenant to give possession would have been dependent on the covenant of B. to pay the consideration money.    But the penalty annexed to the covenant of A. made the covenant independent.

2. Covenants, in relation to their dependence or independence, are to be construed according to the intention and meaning of the parties, as gathered from the instrument.    A covenant with a penalty annexed will always be considered as dependent.

*Freeland* vs. *Mitchell, Administrator of Thomas.*

APPEAL from Platte Circuit Court.

S. L. LEONARD & E. L. EDWARDS, *for Appellant.*

The Circuit Court erred in overruling the demurrer. — 1 Chitty's Plead., 353–6 ; Johnson *vs.* Wygant, 11 Wend., 48 ; Champlin *vs.* Rowly, 13 Wend., 258 ; Cunningham and others *vs.* Morrell, 10 Johns. Rep., 203 ; *Ibid.*, 258.

HICKMAN, *for Appellee.*

The only question now presented for the consideration of this court, worthy of notice, is — was the delivery of the possession of the land mentioned in the contract upon which this writ is founded, a condition precedent to a right to recover upon the contract ? To show that it is not such a condition, a great many authorities might be produced, if deemed necessary. We refer to the case of Hancock *vs.* Vanta, Hardin's Rep., 510 ; Bennett *vs.* the Executors of Pixley, 7 Johns. Rep., 249 ; Best's Administrator *vs.* Brancham, 1 Mo. Rep., 420 ; Cook *vs.* Johnson, 3 Mo. Rep., 172.

NAPTON, J., *delivered the opinion of the Court.*

Mitchell, administrator of Thomas, brought an action of debt against the appellant, upon the following agreement : — " Article of Agreement, made and entered into this 20th of November, 1839, between Valentine Thomas of the one part, and John Freeland of the other part, and both of the county of Platte and State of Missouri: The said party of the first part has, on the date aforesaid, bargained and sold to the said party of the second part all his right, interest and claim to one quarter section of public lands, to include where the said Thomas now resides, and bounded as follows, to wit; [here the boundaries are given] and the said Thomas binds himself in the sum of six hundred dollars to give said Freeland possession of the boundary aforesaid, on or before the first day of June next, and also is to give said Freeland privilege to make any improvements he may think proper previous to the time of getting full possession ; and the said Freeland binds himself to pay to the said Thomas three hundred dollars, as follows, to wit — one hundred dollars in hand, and one horse beast at its valuation, and the balance on or before the first day of June next.   In witness whereof, &c.   Signed and sealed by
                                        " THOMAS & FREELAND."

The declaration did not aver any delivery of the possession on the first day of June ; a demurrer was filed and overruled, and the court gave judgment for the plaintiff on the demurrer for the sum of $150 debt, and $28 12½c. damages.

The case is brought here by appeal.

The only question is, whether a delivery of the possession of the land mentioned in the contract sued on is a condition precedent to the recovery of the money.

The only principle to be extracted from the numerous cases in relation to the dependence or independence of covenants is, that they are to be construed according to the intention and meaning of the parties, and the good sense of the case.

There can be no doubt but that the covenant of Thomas to give possession on the first day of June, had there been no penalty annexed to it, would have been considered as dependent on the covenant of Freeland to pay the balance of the purchase money at the same date.

The case would have fallen within the principle decided in Cunningham *vs.* Morrell (10 Johns. Rep., 203), and the cases there cited. But the covenant of Thomas was to give possession on the first day of June, under a penalty of six hundred dollars ; and unless this be construed as an independent covenant, it would render the covenant and the penalty entirely nugatory. It is apparent that Freeland relied on this covenant, otherwise he would not have bound him in a penalty.

The case, then, is distinguishable from any of the cases cited by the plaintiff in error in this important particular ; and we have not been able to find any reported case in which a covenant, with a penalty annexed, was held to be dependent.

The averment of the delivery of the possession was, therefore, unnecessary, to enable the executor of Thomas to maintain his action, and the demurrer was rightly overruled.

Judgment affirmed.