CHRISTIAN SCHULTZ, Respondent, *vs.* MERCHANTS' INSURANCE COMPANY OF ST. JOSEPH, MISSOURI, Appellant.

1. *Practice, civil—Evidence—Verdict.*—In a civil law case the supreme court will not interfere with the verdict of a jury on a question of conflicting testimony.

2. *Fire insurance—Waiver of notice of loss by company—Averment as to, unnecessary.*—In suit against an insurance company for loss by fire, proof as to waiver of notice of loss, may be made without any special averment of that fact in the pleading.

3. *Fire insurance—Application—Statement in as to tenants, not a warranty.*—The statement in an application for a policy of fire insurance, that the building to be insured was tenanted, is not a warranty. The extent to which such a representation would affect the risk is a question to be determined by the jury from all the facts of the case; whereas a warranty is to be established without regard to its effect on the risk.

*Appeal from Holt Circuit Court.*

*Parrish and Pike*, for Appellant.

*Zook, Van Buskirk and Heren*, for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This suit was instituted in Holt county Circuit Court, in 1872, on a policy of insurance against fire to the amount of $1,000, on a hotel building in the town of Craig, for twelve months, from 12th June, 1869, to June 10th, 1870. The policy was renewed for a year more, and on the 8th of July, another renewal was made till the 8th of July, 1872. On the 1st of April, 1872, the property was destroyed by fire. On the 5th of April, notice of the loss was given. On the 3rd of May, 1872, a particular account of loss was filed at the office in St. Joseph.

The answer to the petition denied notice of loss in time; insists that a notice four days after the loss was insufficient; and insists that the particular account furnished on 3rd of May, was defective; and that the magistrate's certificate was insufficient and procured on false representations; and that the said building was unoccupied for several weeks before the loss; that the plaintiff represented at the time of procuring the policy that the building was occupied by a good tenant; and that defendant was not notified of its being vacant.

But in addition thereto it was averred that plaintiff set fire to the building.

It is also charged that the value of the building was overstated; and that another insurance was effected for $1,000, whilst the building was really worth only $1,500, though represented to be worth $2,500.

There was a replication filed.

On the trial, a vast deal of evidence was given and is now preserved on the record, which shows that the main point tried by the jury was whether the plaintiff was the incendiary who fired the house. With this evidence we have no concern. It is not necessary to recite it, or make any comments on it. This point was fairly submitted to the jury as is agreed on both sides; and we have no power to interfere with their verdict. The bill of exceptions, occupying fifty pages of the record is filled with the testimony on this point, and on this point only.

The instructions of the court were:

1. "If the jury believe from the evidence that the hotel building of the plaintiff, was burned by fire on the night of April, 1st 1872, and that Kerr, the general agent of the defendant, was at Craig, (the town where the building was) the day after the burning, and knew of the same; and that the said agent made an affidavit charging said plaintiff with seting fire to said house; and that said plaintiff was, on the next day after the fire, arrested at his home, and before being at Craig, on the warrant issued on the affidavit of said agent; and that as soon after being released from said arrest as practicable under all the circumstances, and five days after, he caused a notice in writing to be served on an agent of defendant, notifying him of the loss by fire of said house; then notice was sufficient in law in point of time."

2. "If the jury believe from the evidence that the plaintiff caused to be made out in writing, under his oath, an account of his loss in the burning of said hotel building, together with the certificate of one Hogue, a magistrate, living in Craig, being the nearest magistrate to said building; and that

on the 3rd day of May, 1872, said notice of loss and said certificate of Hogue, were served upon said company or its agent, and, after the defendant had returned the first account and magistrate's certificate for irregularity; and that defendant returned the second account of loss and magistrate's certificate without any farther notice or objection to plaintiff; the same was sufficient in law, and so the jury will find; and especially, if you find the defendant refused to adjust the loss on other grounds than the sufficiency of such notice and statement, which may be determined from all the facts and circumstances."

3. "If the jury believe that said hotel buiding was vacated at the end of the term for which the plaintiff had rented the same, with the impression that he had sold the same, or with a view to a sale of the same; and that said building was so vacant for three or four weeks before it was burned up, yet the plaintiff is entitled to recover, unless the jury further believe from the evidence and circumstances shown in the case, that the vacating of said house as aforesaid, increased the risk on same by fire, and that it was in the control of the plaintiff, with reasonable care to have kept it occupied."

4. "Unless the jury believe from the evidence, that the plaintiff purposely set fire to the said hotel building, and thereby consumed the same, the jury on that issue will find for plaintiff."

Two other instructions were given in regard to damages, and a third concerning the right of the jury to disregard the testimony of a witness when he swore falsely in a material matter. This last instruction was also asked by the defendant, and was given on both sides.

All the instructions asked by defendant were given, some of them with modifications to which objections are now made.

These instructions were:

1. "If the jury believe from the evidence that the plaintiff set fire to the building insured, etc., the jury will find for defendant."

2. " As to whether plaintiff set fire to said house or not is a fact to be determined by the jury ; but the existence of such fact need not be shown by positive evidence, but may be established by circumstances, and the jury in determining such fact, will take into consideration all the facts and circumstances connected with the case. And if the facts and circumstances in the case establish the fact to the reasonable satisfaction of the jury, by a preponderance of evidence, that said plaintiff did set fire to said house, and thereby the said house was consumed, then the jury will find for the defendant."

3. "The jury are the sole judges of the evidence and of the credibility of witnesses, etc., etc."

The fourth instruction as asked, was, "that if the plaintiff in his application for insurance, stated that the building insured was occupied by a good tenant, that statement is a warranty in the policy ; and if the jury believe that the statement at the time was false, the plaintiff cannot recover."

That was given, with this addition, "if you further find that such statement was material to the risk and was an inducement to the issuing of the policy."

"The fifth instruction as asked was this : If the jury believe that the building was represented in said policy as being occupied by a good tenant, that the same was left vacant and unoccupied by permission of plaintiff, for four weeks or more next before the burning of said building, and was thus unoccupied at the time of the fire ; and that said building thereby was exposed to greater risk or hazard, from fire than when the same was insured, the said policy became void, no matter from what cause the fire may have happened."

This instruction was given, with this modification, "that in order that the absence of a tenant should destroy the policy, the jury must believe that the plaintiff could, with reasonable care, have procured a tenant and had the building occupied."

The sixth instruction for defendant was also given with modifications. Originally, as asked, it was thus : "Unless the jury find that the plaintiff procured a certificate from a mag-

istrate, most contiguous to the place of the fire, stating that he was not concerned in the loss as a creditor or otherwise, or related to the insured, and that he has examined the circumstances attending the fire alleged, and that he is acquainted with the circumstances and character of the insured, and that he verily believes that the insured has by misfortune and without fraud or evil practice, sustained the loss on the subject insured, to the amount which said magistrate shall certify, plaintiff cannot recover."

To this instruction the court added, "Unless you find that the conduct of defendant, acting by its agents, in relation to the plaintiff and the burning of the house, was such as to waive the making of such certificate, and to show a refusal to pay and adjust said loss on the ground that said plaintiff had burned the building himself, which facts may be determined by all facts and circumstance of the case." In this shape the instruction was given.

And so the 7th instruction, which was, as asked, in the following terms: "If the jury find from the evidence that the plaintiff at the time of the alleged loss was residing on his farm, three or four miles from the town of Craig, and had knowledge of said loss on the morning of the day following; that defendant's agent, to plaintiff's knowledge, was doing business at Forrest City, in said Holt county, a distance of fifteen or twenty miles, and kept his office open every day for the transaction of business; that no notice in writing was offered or delivered to its agent, at Forrest City, until the 5th day after loss occurred, the plaintiff is not entitled to recover, unless said plaintiff was prevented from delivering or sending said notice at an earlier time without fault or negligence on his part."

To which the court added, "Unless the defendant's agents or one of them had notice, and was on the ground where the fire occurred, in the meantime, and took cognizance of the same, and by their conduct towards plaintiff waived the same."

These instructions present the only points of law in the case. The question of fact, on which the case really turned,

was a matter for the jury, and no objections are made to the instructions on that issue.

The first point urged in this case for a reversal of the judgment is, that a notice within four days after the fire, is not such a notice "forthwith" as the policy required; and that the statements of the particulars of the loss and the certificate of the magistrate furnished on the 3rd of May, succeeding the loss on the 1st of April were too late, and in themselves insufficient, without proof that the magistrate certifying was in fact the nearest officer specified in the policy to the place of fire. The proof was that Hogue, who certified to the loss, was the only magistrate in the town of Craig; but it is insisted that it did not appear but that a notary public or commissioner of deeds, lived nearer to the burned building than Hogue; and on this point it is further urged that proof of waiver as to time could not be made under the petition, and that such waiver must be alleged in the complaint in order to let in such proof.

In regard to the proof of waiver, this point was considered and decided by this court in the case of Russell & Co. vs. State Ins. Co., at the last February Term of this Court at this place, (55 Mo., 585,) and more fully discussed in the case of Phillips vs. Protection Ins. Co., (14 Mo., 221).

The word "magistrate" does not necessarily imply an officer exercising any judicial functions, and might very well be held to embrace notaries and commissioners of deeds; but it probably was used to apply to justices only—and, if there was a notary or commissioner of deeds, living nearer to the burned building than Hogue, it might have been shown. In the absence of such proof, and on the statement that Hogue, was the only "magistrate" in the place, we presume no notary or commissioner of deeds lived there.

The fourth instruction asked by the defendant was wrong, and should have been refused; but, as modified by the court, it did no harm to call this representation a warranty. A warranty must be established without regard to its effect on the risk, one way or the other.

A representation of a particular fact made in the application for a policy, and inserted in the policy, is only important in the event that its falsity affects the risk. The modern doctrine is that where facts are stated merely by way of recital or description, and are not material to the risk, the clause is not a condition or warranty. And whether the representation in this case was material to the risk, is a matter for the jury under all the circumstances; and so the court in the third and fourth instructions, left this question to the jury.

It is obvious that the risk upon a house vacant at the time, and intended to be vacant, might be materially different from the risk of burning a house constantly occupied by a careful tenant; and it is equally plain that a mere casual vacancy, occasioned by the difficulty of procuring a tenant, or by a *bona fide* determination to sell, ought not to have the effect of forfeiting a policy; and as the insurance agents testified in this case, the latter class of risks are understood by the companies to be covered by the policies. The importance of the question of fact in this case, evidently arose from the character of the main defense set up, and the material bearing it would have on this defense. The plaintiff was charged with setting fire to his insured house, and his refusal of offers to rent it, though placed by him on the ground that he thought he had sold, or intended to sell, was a fact which tended among other evidence, to establish his guilt.

The real question here for the jury was as to the *bona fide* character of these statements of his, in regard to his declining to let out the building; and this question seems to have been fairly submitted to the jury. They determined under the instructions, that the temporary vacancy of the building for four weeks, anterior to the fire, did not under the circumstances increase the risk; and upon this point the main objection is now, that the jury found against the weight of evidence.

This court has no power to review questions of fact found by a jury on proper instructions as to the law. This is the province of the judge who tries the case; and when the verdict comes here, approved by the judge before whom the case

is tried, and who hearing the testimony, refuses to set the verdict aside, we must assume the finding of the jury is correct.

The judgment must be affirmed. The other judges concur, except judge Sherwood who is absent.