CHAS. H. SAWYER, Respondent, v. JOHN R. CHRISTIAN, Appellant.

**St. Louis Court of Appeals, April 1, 1890.**

Contracts : INDEPENDENT AGREEMENTS. The mutual contracts of two contracting parties are independent, and a breach by one of the parties of an agreement to be performed by him is no defense to an action instituted by him against the other party for a breach of the agreement on the part of the latter, if the agreements of the

Sawyer v. Christian.

several parties, thus broken, were to have been performed at different times, and if the agreement violated by the party suing goes only to a part of the consideration for that violated by the party sued, and compensation for the violation of it can be made in damages.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Christian & Wind,* for the appellant.

As the contract made no provision for the return of the money, except on a trial of the cause, the court has no power to add to it words or conditions which were omitted in the contract. *Johnson v. Treadway,* 33 Mo. App. 122; *Gavinrel v. Crump,* 22 Wall. 308. The court, by instruction number three, virtually admits that the testimony established the facts of the contract as stated in defendant's answer, but construes it as an independent and not a conditional undertaking. This is certainly erroneous.

*R. L. McLaran,* for the respondent.

(1) In effect, a dismissal of a cause is a final judgment in favor of defendant, and, although it may not preclude plaintiff from bringing another suit, yet for all purposes connected with the proceedings in the particular action the rights of the parties are affected by it in the same manner as if there had been a final adjudication upon the merits. Freeman on Judgments [3 Ed.] secs. 16, 17, notes 2–4; *Dowling v. Polack,* 18 Cal. 625; *Leese v. Sherwood,* 21 Cal. 151–64; *Boggess v. Cox,* 48 Mo. 278. (2) A party cannot accept and make his own the benefits of a contract, and then, by his own act, repudiate its obligations as to himself. *Tureman v. Stephens,* 83 Mo. 218. (3) The first

instruction given for respondent was proper. *Sampson v. Iron Works Co.*, 6 Gray, 120 ; *Hotbam v. East India Co.*, Wille's Rep. 157, note *a ; Smith v. Crews*, 2 Mo. App. 269.

BIGGS, J., delivered the opinion of the court.

The plaintiff brought suit to recover of the defendant the sum of four hundred dollars with interest, and his alleged right of recovery was based on the following written contract, to-wit :

"ST. LOUIS, November 20, 1886.

"I hereby acknowledge the receipt by me from Charles H. Sawyer of four hundred dollars, to be retained or returned on the following conditions, to-wit : At any time within six months that C. H. Sawyer may pay to me six hundred dollars additional, I agree to dismiss and acknowledge satisfaction of all accounts or demands sued on by me in case number 67,534, room number 3, circuit court of St. Louis, *versus* C. H. Sawyer, dividing the costs equally. In case no such additional payment is made and said cause is tried, I agree, in case of the judgment thereon in my favor, to place said four hundred dollars as a credit thereon ; but, in case of the judgment in favor of said Sawyer or against me, I hereby agree at once to return said four hundred dollars to him ; until the happening of such aforesaid conditions and contingencies, I will hold the said four hundred dollars in trust only, and the fact of my holding the same, nor any of the terms of the obligation, shall be no admission nor used as such against said Sawyer on the trial of said cause between us in case the same is tried.

"JOHN R. CHRISTIAN."

The plaintiff averred that he did not exercise the right reserved in the contract to pay six hundred dollars in discharge of the claim held against him by defendant, but that, on the contrary, he demanded that the case of Christian *v.* Sawyer be set for trial; that the

same was docketed for hearing on the twenty-fourth day of May, 1887, and, when called for trial, it was, on the motion of the plaintiff therein, dismissed and judgment entered accordingly. The plaintiff then alleged a demand on defendant for a return of the four hundred dollars deposited with him and his refusal to pay the same.

The defendant, after making a general denial, interposed special defenses to the effect that the writing sued on did not contain the entire agreement; that there were several other matters of difference between plaintiff and defendant, which were adjusted at the same time and formed parts of the agreement, but which were not mentioned in the writing, to-wit: That the defendant, as attorney for Ewing, Hill & Co., had obtained a judgment against plaintiff which the latter agreed to pay; that there were several suits between the parties (other than the one mentioned in the contract) then pending, which were to be dismissed, and in addition to this the plaintiff (Sawyer) agreed to pay a certain portion of a special tax for which the plaintiff and defendant were jointly liable. The defendant then claimed, as a defense and bar to the prosecution of this suit, the failure and refusal of plaintiff to pay the special tax according to his agreement. The defendant also claimed and urged as a further defense that the case of Christian v. Sawyer had never been tried in the manner contemplated by the contract; that a fair construction of the contract meant a trial and judgment on the merits; that the account sued on did not belong to the defendant herein, but had only been assigned to him for collection by his clients, concerning which Sawyer was advised; that, when the case was called for trial, the court refused a continuance and compelled the defendant to take a non-suit. It was then averred that the account sued on in the case of Christian v. Sawyer was reassigned to the real owners, and suit was immediately reinstated against Sawyer.

The defendant introduced testimony tending to prove the affirmative defenses set forth in his answer.

The plaintiff in rebuttal offered evidence tending to show that he did not know that the assignment of the account to Christian was only for the purposes of suit; that the other agreements referred to by the defendant, and which had been performed by the plaintiff, were made with his attorneys, but plaintiff denied that any contract was made concerning the payment by him of any portion of the special tax.

The court sitting as a jury rendered a judgment against the defendant for the sum of four hundred and twenty-eight dollars, and from this judgment the defendant has appealed to this court.

The court held as a matter of law that, even though the plaintiff did agree to pay the special tax, and this agreement was one of the inducements for the making of the contract sued on, yet this contract, or agreement, would not constitute a bar to this suit, but would only support the right of the defendant to a counter-claim for the amount of the special tax, had it been pleaded as such. By this instruction the court decided that the agreement of the plaintiff to pay the special tax (if he made any such agreement) was an independent covenant and that its performance by plaintiff was not a condition precedent to his right to maintain this action.

The defendant complains of this instruction, and this constitutes his first assignment of error. The discussion of this instruction necessarily leads to some inquiry touching the nature and difference between dependent and independent covenants. A covenant is said to be dependent when its performance depends upon the prior performance of another act, by the other contracting party, and, until the prior act is done, no right is vested in the party who ought to perform it. The converse of this constitutes an independent covenant. It is sometimes difficult to determine the character of a covenant and the intention of the parties

in reference thereto, but the supreme court of Missouri in the case of *Turner v. Mellier*, 59 Mo. 526, has formulated a very correct rule by which this question may in most cases be satisfactorily settled. The court said: The general rule is, that, when covenants on the part of different parties are to be performed at different times, they will be considered to be independent covenants, and a breach of one can be sued for without alleging or proving the performance of the other. Another rule is, that where the covenant goes only to part of the consideration of both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and consequently an action may be maintained for a breach of such covenant on the part of the defendant without averring performance of other covenants on the part of the plaintiff." This court in the case of *Smith v. Crews*, 2 Mo. App. 269, announced the same doctrine.

The application of either of the foregoing rules to the conceded facts will produce a ruling adverse to the defendant in reference to this assignment of error. It is fairly deducible from the defendant's own evidence that the plaintiff was to pay the special tax immediately or at least within a reasonable time. The repayment of the four hundred dollars by defendant was not to be made until the trial of the case of Christian *v.* Sawyer, and the plaintiff had six months to determine whether there should be a trial or not; therefore, it is very clear that it was within the contemplation of both parties that the covenants should be performed at different times. The application of the other rule is equally fatal to defendant's contention. In other words, the alleged agreement by the plaintiff to pay the special tax was *only a part* of the consideration for the contract sued on. We will have to rule this assignment against the defendant.

The following declaration of law indicates the opinion of the trial court on the other branch of the

Sawyer v. Christian.

case: "The court sitting as a jury declares the law to be that the dismissal of the case number 67,534, in circuit court room number 3, of John R. Christian v. C. H. Sawyer, and the assignment of the causes of action therein sued on by said Christian to W. G. McCormick, was equivalent to a judgment for defendant C. H. Sawyer, within the meaning of the contract sued on, and entitled him to demand and have back from said Christian the four hundred dollars sued for in plaintiff's first cause of action."

We can find no fault with this instruction. The parties certainly contracted with reference to the final determination of the suit then pending. The plaintiff had the right under the contract to demand a trial of the cause, and, if the defendant saw proper to dismiss the action, or if he was compelled to this course by the action of the court in refusing him a continuance, it was his misfortune, and such action could in no way affect or postpone the right of plaintiff to the money deposited with him. If this construction of the writing is not adopted, and if the plaintiff's right of action for the four hundred dollars is made to depend upon a determination of plaintiff's liability to pay the demands now in suit in the case of McCormick v. Sawyer, there would be nothing to prevent McCormick, when pressed for trial, from taking a non-suit, and thus, by successive suits and non-suits, the defendant could postpone indefinitely the plaintiff's right of recovery. This disposes of the second defense, and our conclusion necessarily leads to an affirmance of the judgment.

The plaintiff's petition contained two counts. The court found for the defendant on the second count, and, as the plaintiff has filed no cross-appeal, it will not be necessary to discuss it.

The judgment of the circuit court will, therefore, be affirmed. All the judges concurring, it is so ordered.