ST. LOUIS STEAM-HEATING AND VENTILATING COMPANY, Respondent, v. D. R. BISSELL *et al.*, Executors of JAMES R. BISSELL, Dec'd, Appellants.

### St. Louis Court of Appeals, May 13, 1890.

1. **Law and Fact.** Whether a provision in a written contract for the time of the completion of the work contracted for is one of essence to the contract is a question of law.

2. **Practice, Trial:** REVIEW OF REPORT OF REFEREE. The rule that findings of fact of a referee in certain cases are equivalent to a special verdict and conclusive, if supported by substantial evidence, is not applicable to the trial court; that court is in no case bound by the referee's findings of fact.

3. **Contracts:** STIPULATION AS TO TIME. The right of recovery for work under a written contract will not be construed to be conditional upon compliance with a stipulation for the completion of the work by a fixed time, unless there is an express agreement to that effect, or unless from a fair construction of the language employed, the nature of the contract and the attendant circumstances, it is apparent that the parties so intended. And *held*, that compliance with such a stipulation was not a condition precedent in the case at bar, which was a suit for heating apparatus supplied to a building, there being no express provision making it so, and the heating apparatus being designed not for a particular occasion and not for a temporary but for a continual use.

**Pleading:** WAIVER. Under an allegation of the performance of all the conditions of a contract, proof of the waiver of compliance is admissible.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*H. A. Clover*, for appellants.

*Rowell & Ferris* and *J. H. Zumbalen*, for respondent.

BIGGS, J.—This is an action to enforce a mechanic's lien for the value of work done and material furnished by plaintiff in the improvement of a business house, located on the northeast corner of Chestnut street and Broadway, in the city of St. Louis. The property belonged to James R. Bissell, deceased. The work was performed during the lifetime of the deceased, under the following written proposition made by the plaintiff:

"ST. LOUIS, September 21, 1885.

"*James R. Bissell, Esq.*

"DEAR SIR:—We propose to furnish and erect a steam-heating apparatus and connections in the "law building" on the northeast corner of Chestnut street and Broadway, in St. Louis, according to plans submitted and in compliance with the specifications signed by us for the sum of sixteen hundred and fifty dollars, complete, and to complete the same *with all possible speed*. Payment to be made in installments of three hundred dollars each, at intervals of one month, the last payment to be four hundred and fifty dollars. First payment to be made one month after completion of the work. We agree to place radiators where the owners direct.

"[ Signed.]   ST. LOUIS S. H. & V. Co.
       "JOHN D. RIPLEY, Sec'y.

"Accepted.

       "E. J. WHITE,

"For JAS. R. BISSELL."

The plaintiff's petition contained but one count, and for a cause of action it was therein alleged that the work was done under the foregoing bid, according to the written specifications accompanying it; that plaintiff proceeded with the work with all possible speed, and finally completed it on the twenty-third day of April, 1886, at which time the deceased accepted the work, and that the same has been used continuously in the building

since that date. The petition also contained an aver-ment that the work done and materials furnished were reasonably worth the sum of sixteen hundred and fifty dollars, the amount sued for. It was then alleged that a mechanic's lien was filed as required by law, and that the defendants had failed to pay for the work, although demand therefor had been made.

The answer of the defendants admitted the contract, but denied that the plaintiff completed the work accord-ing to its terms. The defendants also denied that the plaintiff did the work with all possible speed, and alleged that, on the contrary, the plaintiff could easily, and it was possible for it to, have completed the work by the first day of October, 1885. The defendants then set forth several counter-claims against the plaintiff growing out of the plaintiff's alleged failure to complete the work in some unimportant particulars, and among them the defendants made claim for loss of rents from the time the work ought to have been completed up to the twenty-third day of April, 1886.

The case was sent to a referee, and he reported that the work had been substantially performed in accord-ance with the specifications, save in one or two minor particulars, but he decided that the plaintiff had vio-lated the contract by failing to complete the work "with all possible speed." The referee was of the opinion that the work could have been fully completed by the first day of December, 1885, whereas the plaintiff did not finally finish it until the twenty-third day of April, 1886. He decided, as a matter of law, that time was of the essence of the contract, and that the completion of the work within the time prescribed was a condition precedent to plaintiff's right to recover on the contract. He found, as a fact, that the work had been fully com-pleted by the plaintiff, and that it had been accepted by the defendants, and that it was reasonably worth the con-tract price, but, in his (the referee's) opinion, the plaintiff could not recover under the then state of the

pleadings, for the reason that the plaintiff had finished the work out of time and had, therefore, failed in the performance of its contract. The finding was against the plaintiff, but the referee recommended that it be allowed to amend its petition, in order that it might proceed upon a *quantum meruit*. The referee also found in favor of the defendants for small amounts on one or two of the counter-claims.

The plaintiff filed exceptions to the referee's report, and the circuit court was of the opinion that time was not of the essence of the contract, and that the plaintiff's failure to complete the work was not a condition precedent to its right to recover thereunder ; that, if the defendants had been damaged by the delay in the completion of the work, the remedy was by recoupment of the damage (if any) thus sustained, from the contract price. The court thereupon sustained the exceptions in so far as the referee denied the plaintiff's right of recovery, and, as the referee had found that the defendants had not been damaged by the delay, except in a small amount found to be due on one of the counter-claims, judgment was rendered in favor of the plaintiff for the contract price, less the amounts found by the referee to be due on the counter-claims. From this judgment the defendants have appealed.

The only question presented by the record for our determination is the correctness of the ruling of the circuit court in sustaining this exception to the report of the referee. In the first place it is insisted that the referee's report, to the effect that time was of the essence of plaintiff's contract, was equivalent to a special verdict of a jury, and was, therefore, conclusive on the circuit court, provided the finding was supported by substantial evidence. In certain cases this is the rule in appellate courts, but never in the circuit court which reviews the weight of the evidence even where the finding pertains to a question of fact merely ; but we do think this finding was not one of pure fact, but that, on

the contrary, the conclusion of the referee was one of construction of a written contract and, therefore, one of law. It is well settled that the trial court is in no case bound by the referee's legal conclusions or finding of facts. The court may adopt the referee's findings of fact and enter such judgment thereon as the law warrants, or it may set them aside entirely and award a new trial. *Moniteau National Bank v. Miller*, 73 Mo. 187; *O'Neill v. Capelle*, 62 Mo. 202.

It is well understood that, when time is of the essence of a contract, the covenant is a dependent one, and must be strictly performed by the covenantor before he can maintain an action on the contract. Time is not usually of the essence of any contract, though it may be made so, in any undertaking, by express agreement. If the parties do not so expressly stipulate, the courts will not attach such a condition, unless, upon a fair construction of the language employed, and from the nature of the contract and the circumstances under which it was made, it is apparent that the parties so intended. *Russell v. Ins. Co.*, 55 Mo. 585; *Higgins v. Railroad*, 60 N. Y. 557; Bishop on Contracts, sec. 1347. If the time within which the work was to be completed is to be regarded as of the essence of the agreement between the plaintiff and the defendants, it must result from a consideration of the nature of the contract, the relation which the various covenants bore to each other and the circumstances under which the contract was made. No such conclusion can be drawn from the language employed. In the absence of express stipulation, it is sometimes difficult to determine whether a covenant in a contract is dependent or independent. We had occasion to discuss this question at this term of the court in the case of *Sawyer v. Christian*, 40 Mo. App. 295, in which we followed the rules of construction laid down by the supreme court in the case of *Turner v. Mellier*, 59 Mo. 526. That court said: "The general

rule is that where covenants on the part of the different parties are to be performed at different times, they will be considered to be independent covenants, and a breach of one can be sued for without alleging or proving the performance of the other. Another rule is that where the covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and, consequently, an action may be maintained for a breach of such covenant on the part of the defendant, without averring performance of other covenants on the part of the plaintiff.'' If we apply either test to the case at bar, the judgment of the circuit court must be upheld; but its correctness will become more apparent by the application of the last-mentioned rule. If the heating apparatus in defendant's building was designed for a particular occasion or temporary purpose, and was of no use afterwards, then a failure by the plaintiff to complete it in time for such special use would go to the whole consideration, and the plaintiff would be debarred from its action to recover for the work under the contract. But the very nature of the work destroys the idea that the apparatus was designed by the defendant's testator for a temporary purpose or use. It was intended to be used not for a season, but continually. This necessarily disposes of the question adversely to the defendants.

There is only one other question which we need discuss. The plaintiff alleged, in the usual way, full performance by it of all the conditions of the contract, and, in support of this averment, it was permitted to show a waiver by the defendants of the time stipulation. The defendants' contention is that it was necessary for the plaintiff to set forth in its petition the facts and circumstances on which it relied to operate as a waiver by the defendants of this covenant. The defendants are not sustained in this by the authorities.

The rule is that, under an allegation of performance, the plaintiff may introduce proof of a waiver of any condition of a contract, by the defendant. *Russell v. Ins. Co.*, 55 Mo. 585 ; *St. Louis Ins. Co. v. Kyle*, 11 Mo. 278 ; *Okey v. Ins. Co.*, 29 Mo. App. 105 ; *Schultz v. Ins. Co.*, 57 Mo. 331 ; *Estel v. Railroad*, 56 Mo. 282.

There are other phases of the case presented and discussed in the briefs, but the view we have taken of the main question dispenses with the necessity of further discussion by us. The judgment of the circuit court will, therefore, be affirmed. All the judges concurring, it is so ordered.