THE PIERCE CITY WATER COMPANY, Respondent, v. THE CITY OF PIERCE CITY, Appellant.

61 471
88 278

St. Louis Court of Appeals, March 26, 1895.

1. **Contracts**: PLEADING: WAIVER OF CONDITIONS. When, in a suit on a contract for work, there is a general allegation of performance in the petition, and the answer pleads affirmatively a breach of one or more conditions, an issue of waiver may be made by reply.

2. ———: ———: DELAY OCCASIONED BY DEFENDANT. The plaintiff in a suit on such a contract may, under a general allegation of performance, show that the completion of the work was delayed by the act of the other contracting party; and especially is this the rule, when time is not of the essence of the contract.

3. ———: ACCEPTANCE OF WORK. A contract with a municipal corporation for the construction of an electric light plant provided that a part of the compensation should be paid when the plant was approved by the engineer and the city council of the corporation, and after the works had been in operation for thirty days. *Held*, that proof that the corporation had taken possession of the plant, and continued to operate it thereafter up to the trial of this suit for such compensation, was sufficient evidence of an acceptance [and approval of the work.

*Appeal from the Lawrence Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED.

*N. Gibbs* and *R. H. Davis* for appellant.

(1) When a petition, upon a written contract, alleges specific performance of the conditions and obligations on the part of plaintiff, there can be no recovery upon a waiver not pleaded. *Mohney v. Reed,* 40 Mo. App. 100, and authorities cited. (2) The use of the plant by defendant, it having knowledge that it was not completed according to contract, was not an acceptance or approval of the plant, nor a waiver of any of its rights. *Mohney v. Reed, supra; Dinsmore v. Livingston Co.,* 60 Mo. 241; *Wilson v. School District,* 32 N. H. 118. It was not within the province of the mayor or light committee to approve or accept the plant, that power not having been delegated to them. It required some formal action by the board of aldermen. *Johnson v. School District,* 67 Mo. 321; *Crutchfield v. Warrensburg,* 30 Mo. App. 463; *Lewis v. The City of St. Louis,* 69 Mo. 600. The procurement, by the plaintiff, of the approval and acceptance of the plant by the defendant's supervising engineer and defendant's city council was a condition precedent to plaintiff's right of recovery, and this condition should have been pleaded, and its performance alleged and proved. *Williams v. Railroad,* 112 Mo. 463; *Dinsmore v. Livingston Co.,* 60 Mo. 244; *Roy v. Boteler,* 40 Mo. App. 222, and authorities cited.

*Cloud & Davis* for respondents.

BIGGS, J.—In consideration of $10,650, the plaintiff agreed with the defendant to construct for its use

an electric light plant. The contract was reduced to writing, and was dated on the twenty-seventh day of April, 1892. It stipulated for the completion of the work within sixty days from its date, and, if the plaintiff should fail in this, it was to forfeit $10 for each and every day after the expiration of the time until the "plant" should be completed and put in successful operation. The contract also provided that the work should be done according to certain specifications, and that the plaintiff should give a bond with satisfactory security, conditioned for the faithful performance of the work. The contract obligated the plaintiff to use first-class material in the construction of the "plant," and that, when complete, it should be free from defects, and it agreed to make good any defects or imperfections which might be discovered within thirty days after the "plant" was put in operation. The defendant agreed to pay fifty per cent. of the contract price when the materials arrived at Pierce City, and the remainder when the "plant" had been approved by its engineer and had been in operation for thirty days.

The plaintiff sues for a balance of $794, which it claims to be due under the foregoing contract. The petition alleges performance by plaintiff of all the conditions of the contract, and a failure by defendant to pay the alleged balance when requested to do so.

The answer contains a general denial. It also pleads affirmatively that the plaintiff did not furnish all the materials necessary, and of the kinds required for the completion and successful operation of the work, and that the defendant, after taking possession of the "plant," was compelled to expend the sum of $300.65 in purchasing additional articles of machinery and making alterations and additions to the works, for which it claimed a judgment by way of counterclaim. And the answer contained the further averment, that

the work remained incomplete for sixty days after the time fixed for its completion, whereby the defendant claimed a forfeiture of $600.

In answer to the claim of forfeiture, the plaintiff averred, in the replication, that the delay in the completion of the work was the fault of the defendant in failing to approve the bond tendered by the plaintiff, and in failing to lay out the work and to furnish plans and specifications.

The cause was submitted to the court without the intervention of a jury. A mass of testimony was introduced by both parties, which tended to support the issues tendered. The court found that the plaintiff had finished the job in substantial compliance with the requirements of the contract; that there remained unpaid of the contract price $794; and that the defendant was entitled to recoup therefrom the sum of $347. Judgment was entered for the difference, to wit, $447. From that judgment the defendant has appealed.

It is claimed by the defendant that, if waiver of the conditions of a contract are relied on, the plaintiff must set forth in his petition the facts and circumstances attending the alleged waiver. Therefore, it is claimed that the circuit court committed error in refusing to strike from the replication the affirmative allegations of waiver, and that the court likewise committed error in admitting any testimony in support thereof.

Whether under a general allegation of performance the plaintiff may show a waiver, where the answer is a general denial only, is a matter of some doubt under the decisions in this state. The supreme court in several cases has held that it may be done. *Russell & Co. v. Insurance Company*, 55 Mo. 585; *St. Louis Insurance Company v. Kyle*, 11 Mo. 278; *Schultz v. Insurance Company*, 57 Mo. 331; *McCullough v. Insur-*

*ance Company*, 113 Mo. 616. These were actions on insurance policies.

The same court has impliedly ruled to the contrary in the cases of *Lanitz·v. King*, 93 Mo. 513; *Pier v. Heinrichoffen*, 52 Mo. 333; *First National Bank v. Hatch*, 78 Mo. 13; *Nichols & Co. v. Larkin*, 79 Mo. 271. And, in the case of *Mohney v. Reed*, 40 Mo. App. 99, the Kansas City court of appeals expressly asserted and applied the rule.

In the recent case of *Ehrlich v. Aetna Insurance Company*, 103 Mo. 231, which was an action for the breach of a contract of employment, the supreme court held that, where there is a general allegation of performance and the answer pleads affirmatively a breach of one or more of the conditions, an issue of waiver may be made ·by the reply. To the same effect are the cases of *St. Louis Steam Heating Company v. Bissell*, 41 Mo. App. 426, and *Smith v. Haley*, *Ibid.*, 611. As the pleadings in the case at bar are as above stated, the action of the court in refusing to sustain defendant's motion to strike out, and in admitting the evidence complained of, must be upheld.

But, aside from this, it seems to be the universal rule that the plaintiff, under a general averment of performance, may show that the completion of the work was delayed by the act of the other party, and especially is this the rule when time is not of the essence of the contract (*Russell v. Insurance Company*, *supra*; *Steam Heating Company v. Bissell*, *supra*), which is true of the contract here. This is on the ground that proof of waiver· in such a case is not an excuse for nonperformance, but of performance within the meaning of the condition.

The contention that the contract requires the written acceptance and approval of the work by the defendant's engineer and the city council, and that

this should have been averred and proved, is likewise untenable. The contract merely provides that the ballance of the purchase money shall be paid when the "plant" is approved by the defendant's engineer and the city council, and after the works have been in operation for thirty days. The evidence tended to prove that the defendant had taken possession of the "plant," and had continued to operate it up to the date of the trial. This was sufficient to authorize the court, as a trier of the fact, to find that there had been an acceptance and approval of the work, subject to the alleged expenditures in perfecting the machinery, for which the contract provided.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.