# COURTS OF APPEALS

### AT THE

### OCTOBER TERM, 1898.

*( Continued from Volume 77.)*

78    1|
102   714|

JAMES O'NEILL, Respondent, v. E. T. WEBB, Appellant.

Kansas City Court of Appeals, January 2, 1899.

1. **Specific Performance**: TRANSFER OF STOCK: INFLUENCE IN MANAGEMENT. Ordinarily specific performance of a contract for the transfer of corporate stock will be denied; but where the contract calls for the transfer of sufficient stock to make the transferee the owner of half of the entire stock so that the chief value is not the money value but the power and influence given in the management of a corporation, specific performance is the proper remedy.

2. **Contracts**: INDEPENDENT AND DEPENDENT COVENANTS: DIFFERENT TIMES OF PERFORMANCE: CONSIDERATION. The dependence or independence of covenants is generally a question of intention; and where the covenants are to be performed at different times they are independent, as also where the covenant goes only to a part of the consideration; and in a contract with stipulations for securing a certain water supply to an ice company immediately and the transfer of certain stock *in futuro*, when certain moneys had been refunded out of profits, the covenants are independent.

VOL. 78 app—1                                    (1)

O'Neill v. Webb.

*Appeal from the Jasper Circuit Court.*—Hon. J. D. Perkins, Judge.

AFFIRMED.

H. W. Currey for appellant.

(1) Where a plaintiff seeks his remedy by action for specific performance he must show a greater degree of certainty in the contract than where he seeks his remedy by action at law. Wendover v. Baker, 121 Mo. 290; 3 Pom. Eq. Jur. [2 Ed.], sec. 1405; Foster v. Kimmons, 54 Mo. 488, 494; Taylor v. Von Schraeder, 107 Mo. 224; Louthan v. Stillwell, 73 Mo. 492. (2) Whether the stipulation sought to be enforced is dependent or independent is immaterial as in this form of action the plaintiff must abide by it in its entirety. Baldwin v. Fletcher, 48 Mich. 605; Kelly v. Railroad, 5 Am. St. Rep. 474; Datz v. Phillips, 21 Am. St. Rep. 864. (3) In a suit for specific performance of contracts relating to personal property the presumption is that the court has not jurisdiction and it devolves on the plaintiff to plead and prove the inadequacy of the legal remedy. Pom. Spec. Perf. [2 Ed.], sec. 2; Coal Co. v. Canal Co., 31 N. Y. 91; 2 Story, Eq. Jur. [13 Ed.], sec. 717. (4) Plaintiff did not prove, nor offer any evidence which tended to prove, that the defendant either owned or had in his possession the stock sued for. It was necessary for him to allege and prove such fact in order to recover. Angus v. Robinson's Adm'r, 19 Atl. Rep. 993. (5) Tender of performance must be pleaded. Pershing v. Canfield, 70 Mo. 144. (6) To have specific performance of a contract decreed by a court is not a matter of right in a party in any instance but of sound discretion in the court. Pom., Spec. Perf. [2 Ed.], sec. 35, p. 51; Sease v. Foundry Co., 141 Mo. 496; Burke v. Seely, 46 Mo. 336.

ELLISON, J.—This action is based on a bill in equity to compel defendant to transfer to plaintiff three shares of stock in the Webb City Ice & Storage Company. The trial court gave plaintiff a decree and defendant appeals.

It appears that plaintiff commenced the erection of an ice plant in Webb City, Missouri, and had given his notes for $18,000 for machinery to be placed therein. That then the defendant became enlisted in the enterprise and the two entered into a contract, set out in another place,

STATEMENT. which, as we understand it, is substantially as follows: reciting that they had organized a corporation named and called the Webb City Ice & Storage Company, that according to the articles of incorporation plaintiff was to have one hundred and seventy-one shares of the stock and defendant one hundred and seventy-six shares; that the shares had been so issued to each, that defendant had advanced all the money for the building and ground for the plant. It was, therefore, agreed that defendant was to furnish the money for, the building and ground and to pay the plaintiff's said notes of $18,000 and save plaintiff harmless thereon; that these payments were to be made out of the profits of the enterprise; if not so made plaintiff was to repay him one half of what the profits lacked of paying. Plaintiff, by the terms of the contract, transferred and assigned to defendant his one hundred and seventy-one shares of the stock in the company upon the condition and express understanding that defendant would reassign them to plaintiff when he, defendant, had been reimbursed for his outlay of money as above referred to. Plaintiff, by the terms of the contract, further agreed to procure a contract with a local water company (of which he and defendant were the principal stockholders) by which the water company was to furnish free of charge to the ice company all the water the latter would use for a period of nineteen years. The con-

tract further provided that defendant would assign to plaintiff *one half* of the stock of the ice company as soon as he was reimbursed for the moneys he had paid out as provided for in the contract.

The business seems to have proved a success and defendant having reimbursed himself for moneys advanced, he, before the commencement of this action, reassigned and transferred to plaintiff the one hundred and seventy-one shares which plaintiff had assigned to him. But he refused to assign to plaintiff three additional shares which plaintiff claims the contract provides for and together with the one hundred and seventy-two shares which he did assign, as just stated, would make plaintiff the owner of one half the stock as contemplated by the contract. This action is to compel defendant to specifically perform that part of the contract and assign to him the three shares, the number necessary to make plaintiff the owner of one half the stock.

The defendant, while not denying the contract sued on, set up what he alleges was a later one between them and whereby the first was superseded. The difference between the two consists in the latter omitting the clause as to assigning plaintiff one half the stock. We will dispose of this by stating that this contract was properly regarded by the trial court as an attempted copy of the original with the clause as to the transfer of one half the stock inadvertently omitted.

Defendant in his effort to overturn the decree rendered for plaintiff in the trial court has stated a great many general propositions pertaining to the principles of equity as applied to an action for specific performance. These we do not care to question. What we shall rule will be within the limits of all the principles stated which can find practical application to the case presented.

In the first place the relief sought here by plaintiff is

O'Neill v. Webb.

questioned, viz.:    Compelling defendant to transfer to plain-
tiff three shares of his stock in the corporation so as to make
plaintiff an owner of one half of the entire capital stock.
It is contended that full relief may be had in damages.    We
grant that ordinarily specific performance of a
SPECIFIC per-    contract for the transfer of corporate stock will
formance:
transfer of    be denied.    But we think this a proper case for
stock: influ-
ence in man-    the relief asked.    It is an exceptional case.    It
agement.
will be noticed that the contract contemplates
not merely the transfer to defendant of three
shares of stock, but that he shall transfer stock sufficient
that plaintiff shall be the owner of *one half* of the *entire*
stock.    The words of the contract are "one half of *all* the
stock" of the corporation.

It so happens, in this case, that added to what stock
plaintiff owned and which was retransferred to him by de-
fendant as directed by the contract, it only required the
transfer of three more shares to put plaintiff into the owner-
ship of one half of all.    But the chief value would not be
the money value of the three shares, but rather the power
and influence it would give plaintiff in the management and
direction of the corporation.    By becoming owner of one
half the stock plaintiff would be enabled to check any pro-
posed management of the company's affairs which he might
think was detrimental.    And so it appears clear to us that
this is not like a case where one should merely seek the com-
pulsory transfer of some shares of stock, which would *only*
have the effect of putting him into possession and ownership
of such shares the loss of which might readily be made good
by damages in the shape of the money value of such stock.
We think, therefore, that the case is exceptional and that
plaintiff has no adequate remedy at law.    We are fully
justified in this view by Cook on Stock and Stockholders,
sections 337, 338.    And we likewise regard the case of Jones

O'Neill v. Webb.

v. Williams, 139 Mo. 36-38, as an authority in support of the proposition.

It is however insisted by defendant that the provision in the agreement whereby plaintiff bound himself to furnish a contract on the part of the water works company to the ice company, whereby the former was to furnish water, free of charge, to the latter for nineteen years, was a condition precedent and that plaintiff could not maintain this action unless he could show that he had CONTRACTS: inde- obtained such a contract from the water com-
pendent and de-
pendent cove- pany, before the institution of this action.
nants: different
times. of per-
formance: con- The facts are that plaintiff did not obtain
sideration.
the contract from the water compan--
before bringing this suit, but did do so a short time before the hearing of the cause in the trial court.

In our opinion the facts of this case, as demonstrated by the acts of the parties, if not the words of the contract itself, show that furnishing the water contract to the ice company was not regarded as being dependent upon, or as a condition precedent, or concurrent with the transfer of the stock now in question. In such case the courts should not so regard it. Larimore v. Tyler, 88 Mo. 661. Dependence or independ-ence of covenants is generally a question of intention. Freeland v. Mitchell, 8 Mo. 487. The water has been in fact furnished by the water company during the series of years elapsing since the date of the contract. The ice com-pany has gone on in business chiefly under the direction of defendant. It has made the profits out of which moneys advanced by defendant have been repaid to him. He has retransferred to plaintiff the large block of stock aforesaid which plaintiff transferred to him and the failure to furnish the free water contract was not considered by defendant in such light as to prevent him from carrying out every pro-vision of his obligation save the one now seeking enforce--

ment. Besides the words of the contract itself regarding that part of the agreement now sought to be enforced, do not indicate an intention that the transfer of the stock should depend upon the water contract being first furnished. The provision stands alone independent of the water contract. It seems to contemplate only one condition to the transfer and that is, that "*as soon* as the said company (ice company) or said James O'Neill has paid the said Webb *all money* so advanced by him as above provided," he shall assign one half of all the stock. All money has been paid him as provided and therefore the contingency has arisen making it obligatory on defendant to transfer the stock in question. It is true that the undertakings and agreements of the two parties as shown by the writing furnished the consideration for their respective undertakings. But it is not always that the consideration of a contract is a *precedent condition*. So the general rule of law is that where the covenants of the parties are to be performed at different times they are independent. Turner v. Mellier, 59 Mo. 526; Sawyer v. Christian, 40 Mo. App. 295. In this case the water contract was to be furnished immediately, while the stock was to be transferred some time in the future when certain moneys had been refunded out of profits to be made.

Again the agreement to obtain the water contract was only a part of the consideration of the contract between these parties, and therefore the agreement to transfer the stock did not depend on the contract. The rule is that where the covenant goes only to a part of the consideration, it is independent. Turner v. Mellier and Sawyer v. Christian, *supra*.

What we have said in the foregoing substantially disposes of the questions presented. We have not been able to discover any reason for interfering with the decree of the trial court and hence affirm the judgment. All concur.