KANSAS CITY ex rel. THE O. K. TRIP HAMMER BRICK COMPANY, Respondent, v. MICHAEL WALSH et al., Appellants.

**Kansas City Court of Appeals, April 1, 1901.**

1. **Action: KANSAS CITY CHARTER: PREMATURE SUIT AGAINST CONTRACTOR.** A contractor for laying a sewer in Kansas City had completed his contract and received his money but the work had not been accepted by the city. *Held,* a subcontractor's action alleging such facts was not premature notwithstanding the charter required such acceptance before instituting suit.

2. **Appellate Practice: ABSTRACT: ADDITIONAL ABSTRACT: POINTS.** An additional abstract may explain the original one but may not set forth matters not mentioned in such original as a basis to raise a new point in a reply brief.

3. **Trial Practice: CONTRACTS: WAIVER: PLEADING.** Where the defendant relies on a waiver of a stipulation on a contract sued on, he must plead it in his answer.

4. **Appellate and Trial Practice: BILL OF EXCEPTIONS: MOTION TO STRIKE OUT.** Where a motion to strike out an answer is sustained and no bill of exceptions was filed or other action had at that time, the appellate court can not review such action of the trial court.

5. **Kansas City Charter:** PREMATURE ACTION: QUESTION FOR COURT, NOT JURY: VERDICT: JUDGMENT. According to section 20, article 9, of the charter of Kansas City, the question whether an action is prematurely brought is for the court and not the jury, and the judgment in this cause is held proper on the verdict.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry,* Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellants.

(1)   The suit was prematurely brought.   Charter of Kansas City, sec. 20, art. 9.   (2)   The issue submitted by the court to the jury was only as to the indebtedness from defendant Walsh to relator, and upon the determination of this issue the court had no right to enter judgment against the other defendants.   The action of the court in so doing in effect deprived the co-defendants of Walsh of their day in court upon their separate defenses.   (3) The judgment is erroneous upon its face and not in acordance with the provisions of the charter.   Charter of Kansas City, sec. 20, art. 9.   (4)   There being evidence that the relator and defendant had mutually waived any requirement that the defendant should pay relator on the first of each month for the brick delivered during the preceding month, the third instruction asked by defendant should have been given.

*Fyke, Yates, Fyke & Snider* for respondent.

(1)   The bill of exceptions recites:   And afterwards, to-wit, on the third day of December, 1898, being at the October

term, 1898, of said court, the court sustained plaintiff's said motion to strike out the amended answer of defendants Keenan, Murray and Curtis. And on the same day the court overruled the motion of defendant Curtis for judgment *non .obstante verdicto*. Nothing further was done at the October term, 1898, in the cause and no bill of exceptions was filed during that term, nor was leave given to file any bill of exceptions concerning the action of the court in striking out the answer or overruling the motion of Curtis, consequently the action of the court therein can not be reviewed. Paving Co. v. Ullman, 137 Mo. 543, loc. cit. 564. (2) Was said suit prematurely brought? The appellants in their brief show nothing upon which this court can reach that conclusion. The presumption is, the court below decided the case right.

SMITH, P. J.—On the twentieth day of July, 1891, a certain contract was entered into whereby Michael Walsh was party of the first part and John Keenan, P. G. Murray, L. H. Wood, D. C. Curtis and John Donnelly, were parties of the second part, and said Kansas City was party of the third part; which said contract was made by authority of the charter of said Kansas City, by the terms of which contract said Michael Walsh agreed to construct section number three of the O. K. creek sewer from the south line of Eighteenth street to the west line of Cherry street, which said contract was approved by the city counsellor and city comptroller on July 27, 1891, and was confirmed by the common council of said city on July 28, 1891; that in said contract it was agreed and stipulated that said first party should well and truly perform the covenants contained therein and pay for work, labor and all materials used in the construction thereof; and it was stipulated and agreed that in the event said first party failed or re-

fused to pay for said labor and materials then said second parties agreed to pay for said labor and materials. That thereafter, to-wit: On the seventeenth day of August, 1891, said Michael Walsh and the relator, a business corporation, The O. K. Trip Hammer Brick Company, made and entered into a contract whereby said relator agreed to furnish to said Michael Walsh four hundred thousand suitable brick to be used in the construction of the third section of the O. K. creek sewer and in consideration therefor the said Michael Walsh agreed to pay the sum of $6.75 per thousand, payable on the first day of each month after delivery.

The petition alleged the contracts hereinbefore set forth and also further alleged that the relator had furnished all the brick called for in said last quoted contract and that there was due the relator on account thereof nine hundred dollars with interest thereon from March 9, 1892. It was further alleged therein that said sewer has long since been completed and said defendant, Michael Walsh, has long since received all moneys due and coming to him from said city, on account of said contract, but for some reason, unknown to this plaintiff, said Kansas City has not accepted said work under said contract, that said Kansas City has unnecessarily delayed the acceptance of said work and the rights of this plaintiff are being endangered thereby.

To this petition the defendants demurred on the ground that it failed to state a cause of action. The defendants' contention is that the relator's action was prematurely brought, and in support thereof cites us to section 20 article 9 of the charter of Kansas City, which provides: "No action shall be brought or prosecuted for the benefit of * * * * parties who have furnished materials on the contract unless suit be commenced within three months after the completion of the work to be done under the contract and the acceptance thereof by

the city, nor shall any such action be brought before the completion and acceptance unless the court find good cause therefor according to the averments of the petition." Defendants therefore insist that since it appears from the allegations of the petition that the work done under the said contract of the defendant Walsh with the said city was not accepted by the latter before the commencement of the action that it was prematurely brought. And they further insist that the facts pleaded in the petition do not bring the case within the exception to the said section of the charter just quoted. The action was brought December 20, 1893, one year and nine months after the relator had furnished the material under his contract. It appears that defendant Walsh had completed his contract with the said city and received all moneys due and coming to him under the same. Did not these facts so pleaded justify the trial court in concluding that there was "good cause" for bringing the action before the acceptance of the contract? The relator had furnished the material that had been used in the construction of said sewer and the contract price was, as has been shown, long past due when the suit was brought. The contractor Walsh had completed the work and had received payment therefor from the said city, and under these circumstances why compel the relator to wait until three months after the work should be accepted by the city before permitting him to recover for the material furnished by him to the contractor? It may be that the city might never accept the work, and if so, will the inhibition of the said section operate as a perpetual bar to relator's right of action? If this be so, then what becomes of that declaration of our Bill of Rights to the effect that right and justice shall be administereed without denial or delay? That facts as disclosed by the petition bring the case within the exception. To have required the relator to wait longer before bringing his action would have been most unreasonable. We fully approve the action of the court in overruling the defendants' demurrer.

In this connection it is proper to say that the defendants in their reply brief suggest that the court erred in refusing, at the conclusion of the relator's evidence, to give an instruction in the nature of a demurrer thereto. In looking at the defendants' statement of the case and the points intended to be relied upon by them at the argument for a reversal of the judgment (Revised Statutes 1899, section 863). We do not find any such point is there referred to. Nor do we find that the abstract, aside from the contracts pleaded by relator, contains any evidence whatever. It simply states that evidence was given which tended to prove the facts assumed in the instructions given and refused. No point was there made as to the insufficiency of the evidence to entitle the relator to a submission of the case. The point was, therefore, first made and urged in the defendants' reply brief. It is true that in a formal assignment of errors filed, not now required by the statute, this point is suggested; but it is not found in the points subsequently stated and relied on for the reversal. This latter constitutes the assignment of error under our present practice and it is to that we look for the points relied on for reversal. If the defendants had in the first instance intended to rely on the point as to the insufficiency of the evidence to warrant a submission, they would have included it among those relied for reversal and also have set forth the relator's evidence or the substance thereof. It was permissible for the defendants, in their reply brief, to set forth any part of the record for the purpose of adding to or explaining their original abstract of the record filed by them, but it was not permissible to therein set forth any part of the record not mentioned in the original abstract for the purpose of suggesting an error to which no reference was made in any of the points relied on for reversal. Cuomo v. St. Joseph, 24 Mo. App. 567; Bank v. Davidson, 40 Mo. App. 421. If the defendants intended to rely for reversal on

the point that the court erred in denying their said demurrer to the evidence it should have been so stated in the first instance and accompanied with an abstract of the relator's evidence; but nothing of the kind was done so that we can pay no attention to the point thus presented in defendants' reply brief.

We must, therefore, presume that there was evidence adduced to justify the action of both court and jury.

The defendant Walsh in his separate answer alleged that the relator did not comply with its contract in that it did not deliver all the brick required by the contract, in consequence of which defendant was compelled to procure them elsewhere at a cost of some nine hundred dollars in excess of that at which relator had by said contract agreed to deliver the same. The defendant alleged that by reason of the failure of the relator to comply with its contract he was damaged to the amount which he was compelled to pay in excess of that which the relator was bound by its contract to furnish said brick. This was pleaded as a counterclaim. The correctness of the relator's claim was in effect conceded and the only issue submitted to the jury was whether or not the relator had failed to comply with its contract and if so whether or not the defendant had sustained the damages alleged in his answer. The court gave quite a number of instructions very fully covering this issue and to which no objection was interposed.

The defendant Walsh, however, complains of the action of the court in refusing the third in his series by which it was sought to submit the case to the jury on the theory of a waiver by the relator of that provision of the contract calling for the payment for the brick by defendant on the first of each month. It is a sufficient answer to this complaint to say that if the defendant intended to rely on the defense of waiver he should—as he did not—have pleaded it. State v. Peterson, 142 Mo. 526; Lanitz v. King, 93 Mo. 513; Nichols v. Larkin,

79 Mo. 271; Bank v. Hatch, 78 Mo. 13; Eyerman v. Ass'n, 61 Mo. 49; Mahoney v. Reed, 40 Mo. App. 99; Water Co. v. Pierce City, 61 Mo. App. 471; Whiteside v. Magruder, 75 Mo. App. 364. The defendant was not, therefore, entitled, to a submission of the case to the jury on the theory of waiver.

After the verdict, which was for relator, the defendants, who were guarantors on the bond to the city, filed an amended answer setting up the fact that the relator's action had been prematurely brought and that the city had modified its contract with Walsh and that they were thereby discharged. On motion of relator the court struck out this amendment. This order was made at the October term, 1898. Nothing further was done in the case at that term. No bill of exceptions was filed during that term nor leave given to thereafter file such bill in respect to the action of the court striking out the defendants' answer, therefore, the action of the court in so doing is not subject to review by us. Asphalt Pav. Co. v. Ullman, 137 Mo. 543. And the same is true in respect to the action of the court in overruling the motion of the defendant Curtis for judgment *non obstante verdicto*.

The defendants object that the verdict which was to the effect that "we the jury find the issues upon the petition for plaintiff and assess the amount due at $1,085.66" did not authorize the rendition of judgment thereon against all of them, nor at all, since it does not appear therefrom that the jury found "that there was good cause according to the averments of the petition for bringing the action before the acceptance of the work. We do not think that this was a question for the jury. Section 20 of article 9 of the charter, already quoted, requires that the court shall determine this question. According to the language employed in the section and what we suppose to have been the purpose of the freeholders in framing it, we must think the question is a preliminary one solely for

the court and not for the jury.   Whenever in any case the court is satisfied according to the averments of the petition that there is no good cause existing for bringing the action before the completion and acceptance of the work under the contract, it can dismiss it and in that way prevent the annoyance and costs of an abortive trial; and this, we think, was what was intended to be accomplished by said charter provision.

The defendants further complain that the judgment is not proper.   An examination of said section 20, article 9 has satisfied us that the judgment is that authorized by it.   But however this may be, we can not discover that the defendants are in any way harmed by the mere form of it, as the said charter provision authorizes a recovery in a case like this against the contractor and sureties or against either.

The judgment is valid and must be affirmed.   All concur.